536 A.2d 873

Four-Way Construction Company, Petitioner *v.* Workmen's Compensation Appeal Board (Snyder), Respondents.

Argued November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Joseph J. Heston,* with him, *Hugh F. Mundy, Dougherty, Mundy & Leventhal,* for petitioner.

*Keith Coslett,* with him, *E. Charles Coslett,* and *Charles R. Coslett, Coslett & Coslett,* for respondents.

OPINION BY SENIOR JUDGE BARBIERI, February 3, 1988:

This is a petition for review filed by Four-Way Construction Company (Employer) from an order of the Workmen's Compensation Appeal Board (Board) denying Employer's petition for modification of benefits from total disability to partial disability. We affirm the order of the Board.

Bernard A. Snyder (Claimant) suffered a work related back injury on August 12, 1981, and has been receiving compensation for total disability in the amount of $160.00 per week since that date. Following surgery involving a laminectomy in July of 1983, and a myelogram in December of 1983, Claimant was finally cleared by his treating neurologist to perform work which did not involve lifting over thirty-five pounds as of March 16, 1984. In order to modify Claimant's benefits, Employer must prove that Claimant's condition of disability has abated and that work is available that Claimant is capable of doing. *Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.2d 668 (1968). This case involves the efforts of Employer's vocational rehabilitationist to procure job referrals which Claimant could medically perform and Claimant's responsibility to follow up these referrals in good faith in light of *Kachinski*

*v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987) and *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Company),* 516 Pa. 256, 532 A.2d 382 (1987).

Employer's modification petition is based on the availability of five job referrals procured by its vocational rehabilitationist. Employer conceded at the referee's hearing that Claimant was not qualified for three of these jobs. The other two job referrals are the subject of this appeal. The practice of Employer's vocational rehabilitationist was to locate a job opening, ascertain the work description and physical requirements of the job, and then send to Claimant's counsel a letter advising of the availability of the job and requesting Claimant to contact her in order to set up the interview. This letter did not specify the physical or medical requirements of the job. At the same time, the vocational rehabilitationist would also send a form to Claimant's treating physician advising of the job description and physical demands of the job and asking the physician to certify in writing on the form that Claimant was physically capable of performing the job. On both occasions in question the physician certified Claimant was physically capable of performing the job and sent the form back to Employer's representative. A copy of this form was not provided to Claimant or Claimant's counsel. Nor did the treating physician tell Claimant or his counsel that these jobs were within Claimant's capabilities until she saw Claimant for a routine appointment over a month later.

The end result is that Claimant's counsel failed to notify his client of the job referrals until several weeks later and that Claimant failed to apply for either job because he was unaware that his physician had cleared him to perform these jobs until over a month later. Em-

ployer asserted in its petition for modification that it had met its burden of proof by providing two job referrals which had been personally cleared by Claimant's own treating physician. The Board denied Employer's petition, holding that Claimant could not reasonably be expected to apply for employment which he did not know was within the medical restrictions imposed by his treating physician.

In *Kachinski* and *Farkaly* our Supreme Court held that notice to a Claimant's counsel is imputed to the Claimant. The question here is the effectiveness of the notice provided to Claimant's counsel. The letter sent to Claimant's counsel regarding the first job referral only stated the name of the company. It provided no other information. The letter regarding the second referral stated the job was for a dispatcher and gave the hours involved.[1] Neither letter classified the job as light work, sedentary work, etc., *Kachinski* at 251, 532 A.2d at 379, or stated that the job was within the category for which Claimant had received medical clearance. *Farkaly* at 259, 532 A.2d at 383. By contrast, the form sent to Claimant's physician on the same date as the letter sent to Claimant's counsel gave a general list of the job's duties as well as a detailed checklist specifying how many hours the Claimant had to stand, sit, walk, lift, use his hands, etc. There is no reason why this information

---

[1] From February 10, 1983 to September 7, 1984, Claimant or his counsel received nine letters advising of job referrals from Employer's vocational rehabilitationist. None of these jobs paid more than $4.00 per hour, most paid minimum wage. Claimant was either not qualified, not medically able to do the job, or not considered for employment in seven out of the nine referrals procured. Referrals by the employer must be made in a good faith attempt to return the employee to productive employment, rather than a mere attempt to avoid paying compensation. *Kachinski* at 252, 532 A.2d at 380.

could not have been provided as an enclosure in the letter sent to Claimant's counsel. We find that Employer did not make an ·effort to convey necessary information which it had in its possession to Claimant or his counsel, *Farkaly* at 259, 532 A.2d at 383, instead choosing to send it to Claimant's physician, while Claimant and his counsel remained in the dark. We do not mean to say that Employer must specifically detail every aspect of the job before Claimant has the responsibility to follow it up. Indeed, there is no requirement to provide the type or extent of detail contained in the form sent to Claimant's physician. But Employer must at least provide the Claimant or his counsel a general job classification along with a basic description to give Claimant something to go on. *Kachinski* at 251, 532 A.2d at 379. Employer failed to do this. The decision of the Board must be affirmed.

ORDER

Now, February 3, 1988, the order of the Workmen's Compensation Appeal Board at No. A-90427, dated June 6, 1986, is hereby affirmed.