145 Pa. Commonwealth Ct. 413 (1992)
603 A.2d 682
SCHOOL DISTRICT OF PHILADELPHIA, Petitioner,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (STUTTS), Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs September 6, 1991.
Decided February 5, 1992.
*414 Brian J. Durkin, for petitioner.
James J. DeMarco, for respondent.
Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.
McGINLEY, Judge.
The School District of Philadelphia (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed an order of a referee denying Employer's petition for termination, suspension or modification of benefits for Grace Stutts (Claimant), pursuant to Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act).[1] The referee held, and the Board affirmed, that Employer did not meet the requirements for notice to a claimant of work available within the claimant's restrictions so as to constitute a proper job referral under Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.), 516 Pa. 240, 532 A.2d 374 (1987). Employer notified Claimant of several job openings, mostly telephone sales positions, but failed to provide a basic description in its notices of the job duties or to state that the jobs were within the restrictions for which Claimant had been given medical clearance.
The question presented is whether the referee and the Board imposed a "hypertechnical" interpretation of the notice requirements, contrary to the spirit of Kachinski and not consistent with subsequent applications of the holding in that case. Our scope of review of a decision of the Board *415 is to determine whether there were constitutional violations or errors of law and whether the necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; Russell v. Workmen's Compensation Appeal Board (Volkswagen of America), 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).
Claimant worked for Employer as a bus matron. Her duties included attending to school children on the bus and assisting teachers in the school; her average weekly wage was $60. On June 22, 1983, Claimant was injured when the bus on which she was working was involved in an accident. She was later admitted to Graduate Hospital in Philadelphia with symptoms including difficulty walking and severe low back pain radiating to her right buttock and thigh. An electromyelographic study revealed evidence of nerve root irritation at the lower part of the back. Dr. Parviz Kambin, her treating physician, testified to a diagnosis of cervical disc syndrome and root irritation and compression of the lower spine, triggering pain in the neck, left shoulder, left arm, back and legs. He testified that these conditions were causally related to the work injury and that they prevented her return to her prior duties. At the time of his deposition, January 17, 1986, he believed that Claimant's condition improved sufficiently so that she could perform some sedentary kind of work.
Employer executed a Notice of Compensation Payable on August 23, 1983, and it paid Claimant $102 per week, the minimum rate of compensation. In May of 1984, Employer filed a Petition for Termination, Suspension or Modification, which alleged that Claimant had fully recovered from her injuries as of April 18, 1984. Claimant answered, denying any recovery. After hearings and the receipt of depositions, the referee issued a decision denying Employer's petition. The referee rejected the opinion of Employer's medical witness that Claimant's current symptoms were due to adult onset diabetes or pre-existing arthritic changes, in view of the contrary testimony of Claimant's treating physician *416 and the objective evidence of nerve root irritation. Employer has not sought review of that determination.
Employer also offered the deposition of Esther V. Weiss (Ms. Weiss), a certified rehabilitation counsellor for CEC Associates, Inc., who reviewed Claimant's file for the purpose of conducting a job search. Because Claimant's former counsel declined to permit Claimant to be interviewed during the pendency of litigation, Ms. Weiss prepared a vocational evaluation based on medical records, the depositions of the two doctors and the transcripts of Claimant's testimony. Ms. Weiss identified nine positions that she believed Claimant could perform within her physical, educational and vocational restrictions: eight telephone sales or marketing positions and one alarm monitor position. Ms. Weiss notified Claimant's former counsel by letter of each position, providing the name and address of each employer and information as to the job title, salary and hours. Employer did not introduce copies of those letters into evidence. The referee found that the record contained no evidence that Employer's notices either identified the exertional category for the jobs or indicated that the job had been approved by an examining physician. Claimant did not apply for any of the jobs.
In his decision the referee noted that under Kachinski and its progeny an employer who seeks to suspend or modify compensation payments has the burden of supplying to a claimant all necessary information concerning a job opening to enable him or her to make an informed choice as to whether to apply. Relying principally on Four-Way Construction Co. v. Workmen's Compensation Appeal Board (Snyder), 113 Pa.Commonwealth Ct. 235, 536 A.2d 873 (1988), the referee concluded that Employer's failure to provide Claimant with information as to the exertional category, or a statement that the job was within a category for which she had received medical clearance, deprived Claimant of information that was essential to an informed choice. On the basis of that lack of proper notice the referee declined to suspend or modify payments. The *417 Board agreed that the notice was inadequate and affirmed the referee's decision.
Section 413 of the Act permits an employer to terminate payment of benefits upon proof of total recovery by a claimant, or to modify or suspend benefits where a claimant has residual impairment, but has recovered some or all of his or her earning capacity, upon proof that work is available that the claimant can perform. In Kachinski, the Pennsylvania Supreme Court addressed the issue of availability of work and held that the burden on an employer seeking modification or suspension is to "produce medical evidence of describing the claimant's capabilities, and vocational evidence classifying the job, e.g., whether it is light work, sedentary work, etc., along with a basic description of the job in question." Kachinski, 516 Pa. at 251, 532 A.2d at 379. The court then stated procedures implementing the return to work of an injured employee:
1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.
2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.
3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).
4. If the referral fails to result in a job then claimant's benefits should continue.
Id., 516 Pa. at 252, 532 A.2d at 380.
The parties' briefs demonstrate that they agree that the interpretation by this court of Kachinski that is most relevant to a determination in this case is Four-Way Construction Co. In that case the practice of an employer's vocational rehabilitationist was to locate a job opening, ascertain the work description and the physical requirements and then send to claimant's counsel a letter advising *418 of the availability of the job and requesting that claimant make contact with her. The letter did not specify the physical or medical requirements of the job. At the same time the rehabilitationist would send a form to the claimant's treating physician, which gave a general list of the job's duties and a detailed checklist specifying the hours to be spent standing, sitting, walking, lifting, using hands, etc. Noting that there was no reason why that information could not have been provided in the notice to claimant's counsel, the court found that the employer did not make an effort to convey necessary information that was in its possession, and we concluded that the employer had not met its burden under Kachinski and its companion case, Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.), 516 Pa. 256, 532 A.2d 382 (1987).
Employer argues that Kachinski expressly stated the Supreme Court's desire to avoid hypertechnical application of the criteria for showing job availability, and that neither Kachinski nor Four-Way Construction requires a statement in the job availability notice of the exertional level. Rather, Employer contends that the test is whether the employer has made a good faith effort to inform the claimant of available alternative employment. Inaccurately, Employer asserts that the referee found that it acted "in good faith in its efforts to notify and provide Claimant with alternative available employment." Brief of Petitioner at 12.[2] Employer contends that this case is distinguishable from Four-Way Construction because in that case the employer deliberately withheld information from the claimant. It contends that the positions involved in this case were "obviously sedentary," Brief of Petitioner at 13, and the referee's and Board's conclusion that the notice was *419 inadequate was a "hypertechnical exercise in semantics," id., and a triumph of form over substance.
Claimant responds that Kachinski expressly requires the employer to produce a referral for a job for which the claimant is medically cleared, such as light work or sedentary work. She points to Four-Way Construction, where the court stated:
The question here is the effectiveness of the notice provided to Claimant's counsel.... The letter regarding the second referral stated the job was for a dispatcher and gave the hours involved. Neither letter classified the job as light work, sedentary work, etc., Kachinski [516 Pa.] at 251, 532 A.2d at 379, or stated that the job was within the category for which Claimant had received medical clearance, Farkaly [516 Pa.] at 259, 532 A.2d at 383.
113 Pa.Commonwealth Ct. at 238, 536 A.2d at 874 (footnote omitted). Claimant asserts that the core issue in this case is her ability to make an informed decision regarding the referrals. She argues that information identifying the exertional category or informing her that the job is within a category for which she received medical clearance is information that is essential to her making an informed choice. Although she disagrees that the jobs are "obviously sedentary", she contends that the point is of no consequence, because Employer failed to provide her the minimal information required under Kachinski and Farkaly.
We agree with the referee and the Board that Employer failed to provide Claimant with essential information and that Claimant's duty under Kachinski to make a good-faith effort to follow up on the referrals was not triggered. Although the jobs involved here may appear to be "obviously sedentary," we think that claimants must not be forced to rely on their own speculations and suppositions in regard to such a crucial matter.
Employer notes that the referee determined that Claimant *420 could perform the jobs in question.[3] It claims that Claimant was privy to the same information as the referee, and that nothing of record suggests that the referee was in a better position to make that determination. In fact, the referee had before him the deposition of Ms. Weiss and the status reports prepared by Ms. Weiss. That evidence characterized the positions as being sedentary. See Deposition of Esther V. Weiss, April 27, 1987, at 9, Reproduced Record (R.R.) 61a; Exhibit D-2, Status Report dated August 14, 1986, at 1, R.R. 78a. This is precisely the information that Employer, for reasons not explained, failed to provide to Claimant.
The burdens imposed on employers in regard to job referrals are not onerous. Kachinski itself rejected a requirement that an employer "specify every aspect of every job in question" in favor of a requirement of "a basic description of the job in question...." Kachinski, 516 Pa. at 251, 532 A.2d at 379. Further, this court has never held that a physician must review and approve each position prior to referral to a claimant. See Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams), 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1990). However, where an employer fails to provide essential information in line with the minimal requirements for proper notice, the claimant should not suffer suspension.
The order of the Board is affirmed.

ORDER
AND NOW, this 5th day of February, 1992, the order of the Workmen's Compensation Appeal Board at No. A89-2060, dated March 14, 1991, is affirmed.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 772.
[2] In Finding of Fact No. 17, the referee, after discussing the lack of reference to exertional level, stated: "As such, while the Defendant made a serious and good faith effort to identify positions available to the Claimant within the latter's limitations, its notice to the Claimant does not contain the requisite criteria to rise to the level of a good faith referral." Referee's Decision, August 1, 1989, at 4 (emphasis in original).
[3] In Finding of Fact No. 18 the referee stated that, although he could well conclude that Claimant could perform the jobs, Employer's failure to provide adequate notice obviated the need for such a finding. However, in the Discussion portion of his decision, the referee stated that the record established that the positions were within Claimant's residual capabilities. Referee's Decision at 4, 5.