**Sonja HOCKENBERRY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PENNSYLVANIA STATE POLICE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 1996.

Decided Feb. 29, 1996.

---

Stuart A. Cilo, for Petitioner.

John C. Devine, for Respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and KELTON, Senior Judge.

PELLEGRINI[1], Judge.

Sonja Hockenberry (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) affirming the partial grant of her claim petition against the Pennsylvania State Police (Employer) and their insurance carrier, the State Workmen's Insurance Fund, under the Workers' Compensation Act[2] (Act).

Claimant was injured during the course of her employment as a file clerk on April 2, 1990, when, as she reached up to position a file some nine feet above the floor, her neck locked and she experienced significant pain. Claimant's chiropractor, Guy R. Schenker, D.C., instructed her not to return to her pre-injury position. By letter dated April 16, 1990, Dr. Schenker opined that Claimant could return to work only if her duties did

---

1. This case was initially submitted to a panel including Judge Sandra Schultz Newman; however, after her resignation from the court, it was reassigned to the present panel on February 7, 1996.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4.

not require kneeling, working overhead for long periods, or working with her head fully flexed for long periods.

On April 17, 1990, Claimant had a meeting with Employer during which Employer offered Claimant alternative work in a different area of the office. Claimant indicated that she could not take the offer because those duties were the same as those she performed in her old job, and that they would violate the restrictions set forth by Dr. Schenker.

On May 10, 1990, Employer sent a letter to Claimant that stated in relevant part:

[Y]ou [are] ordered to report to work on May 16, 1990 at 8:15 a.m.

Arrangements have been made to provide you with duties which will accommodate the physical limitations detailed in the medical report dated April 16, 1990, which contains the signature of Guy R. Schenker, D.C. The report states 'The patient may perform all duties of her job with the exception of A) Kneeling. B) Working over head for long periods. C) Working with the head fully flexed for long periods.'

Although Claimant received the letter, she did not return to work on May 16, 1990. Employer subsequently terminated Claimant for abandoning her job and Claimant filed a claim petition for compensation benefits.

Before a Workers' Compensation Judge (WCJ),[3] Claimant offered the testimony of Richard W. Fideler, M.D., a neurosurgery specialist who first examined Claimant on June 11, 1990, and the testimony of Dr. Schenker. Dr. Fideler opined that Claimant suffered from cervical musculoligamentous strain and a cervical nerve root irrigation, and that her neck and upper extremity symptoms were a result of her April 2, 1990 work-place injury. Dr. Fideler indicated that as of October 22, 1990, he released Claimant to return to light-duty work with

restrictions prohibiting any activity requiring repeated twisting of the neck, repeated looking upward, repeated or forceful pushing or pulling with her arms, or lifting more than 25 pounds.

The WCJ held that Claimant was entitled to payment of compensation for the closed periods from April 5, 1990 through May 17, 1990, and from June 11, 1990 through December 30, 1990. The WCJ held that benefits were suspended as of May 17, 1990, because of Employer's offer of alternative work. Both parties appealed the decision to the Board and the Board remanded the case to the WCJ for credibility determinations regarding the testimony of medical witnesses Dr. Schenker and Dr. Fideler.

On remand, the WCJ found that Dr. Schenker was more credible than Dr. Fideler, and concluded that a suspension was proper as of May 17, 1990. The WCJ held that Employer's letter of May 10, 1990, requesting Claimant to return to work met the requirements of *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), and that Claimant should have availed herself of the offered position. On appeals by both parties, the Board affirmed, holding that the issue of whether appropriate work was offered by Employer's letter of May 10, 1990, had been waived because Claimant did not raise this argument when she appealed the WCJ's original decision to the Board. Claimant then filed this appeal.[4]

■ Initially, we are faced with the question of whether the issue of an offer of appropriate work was waived by Claimant's first appeal to the Board. Employer echoes the Board's holding that because Claimant did not raise the issue of appropriate work availability during her first appeal to the Board, she was barred from raising it on appeal

3. Referees were given the title Workers' Compensation Judges under the 1993 amendments to the Act. *See* Act 44, Act of July 2, 1993, P.L. 190. Because the latest decision of the WCJ was issued after the effective date of the amendments, we will use the WCJ title.

4. Where both parties have presented evidence in a workers' compensation case, our scope of review is limited to the determination of whether an error of law has been committed, whether constitutional rights have been violated, or whether necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Walk v. Workmen's Compensation Appeal Board (U.S. Air)*, 659 A.2d 645 (Pa.Cmwlth.1995).

from the WCJ's decision on remand. We disagree.

With regard to the matter of appeals to the Board, 34 Pa.Code Section 111.14(a) states:

Appeals should state the specific exceptions to determinations by the referee and shall be sufficiently complete to frame the issue or issues on appeal.

Our review of the record shows that Claimant did raise the issue of whether Employer offered appropriate alternative work in her first appeal to the Board. That appeal states, in pertinent part:

There is no factual or legal basis for either of these suspensions.... [O]n December 30, 1990, the employer had not offered her any alternative work within the restrictions determined by her treating physician, Dr. Fideler.

That statement, in itself, sufficiently frames the issue of whether Employer's offer of alternative work was within the restrictions imposed by Claimant's treating physician. The issue is, therefore, not waived.[5]

■■■ As to whether Employer's May 10, 1990 letter was sufficient to meet the Employer's burden,[6] our Supreme Court, in *Kachinski*, held that for an employer to meet its burden of proof that the claimant's condition of disability has abated and a modification of benefits is warranted, the employer must propose alternate work for the claimant that is (1) actually available and (2) that the claimant is capable of doing. Further, according to the Court, the existence of available work must be brought to the attention of the employee by the employer. In that regard, the

*Kachinski* court dictated a step-by-step procedure governing the return to work of injured employees, which includes:

The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380. In determining whether an employer has met this requirement, the Supreme Court stated:

It is enough that the employer produce medical evidence describing the claimant's capabilities, and *vocational evidence classifying the job, e.g., whether it is light work, sedentary work, etc., along with a basic description of the job in question.*

*Kachinski*, 516 Pa. at 251, 532 A.2d at 379 (emphasis added).

Thereafter, in *Four-Way Construction Company v. Workmen's Compensation Appeal Board (Snyder)*, 113 Pa.Cmwlth. 235, 536 A.2d 873, 874–75 (1988), this court held, citing *Kachinski*, that an employer's referral "must at least provide the Claimant or his counsel a general job classification along with a basic description to give Claimant something to go on." Also, in *Mediq, Inc. v. Workmen's Compensation Appeal Board (Steskal)*, 159 Pa.Cmwlth. 1, 633 A.2d 651, 653 (1993), we held that:

To comply with [the *Kachinski*] notice requirement, an employer must, at the very least, provide claimant or her counsel with a general job classification and a basic job description.

---

5. The Board's opinion suggests to this court that it misapprehended Claimant's notice of appeal. The Board stated that:

Claimant raises an issue concerning whether Claimant was properly notified of her medical clearance to return to modified duty in May 1990. Claimant argues that there was a lack of clarity with regard to exactly what Dr. Schenker cleared Claimant to do. Without proper notice of a medical clearance to return to work, a suspension was not proper. This argument was not presented to the Board when the case was first appealed. That argument has been waived.

Board Opinion, January 17, 1995, at 3. Our review of the Claimant's appeal to the Board

reveals no discussion regarding the clarity of the doctor's directives to Claimant. Instead, the appeal suggests simply that the WCJ erred in holding that *Kachinski* was satisfied by the Employer's letter requesting her to return to work. On this appeal, both parties confine their arguments to a discussion of the *Kachinski* issue.

6. Because the WCJ's ruling in this regard is a conclusion of law, it is fully reviewable by this court. *Duquesne Truck Service v. Workmen's Compensation Appeal Board (McKeesport Truck Service)*, 165 Pa.Cmwlth. 145, 644 A.2d 271, *petition for allowance of appeal denied*, 539 Pa. 657, 651 A.2d 543 (1994).

In those cases, the referral must contain information specific enough to ensure that the job is within the claimant's capabilities. *Walk*, 659 A.2d at 650.

■ Because *Kachinski* and its progeny require a general job classification and a basic description of the job, Employer's May 10, 1990 letter was insufficient notice to Claimant. The letter merely states that an alternative position had been arranged which would accommodate her physical limitations as detailed by her physician. It failed to provide any descriptive information about the available job or its duties; such information is essential to her in making an informed choice about the job referral. *School District of Philadelphia v. Workmen's Compensation Appeal Board (Stutts)*, 603 A.2d 682, 685 (Pa.Cmwlth.1992).[7] Accordingly, a suspension based on the letter was improper and we reverse the order of the Board insofar as it suspends benefits as of May 17, 1990.

#### *ORDER*

AND NOW, this 29th day of February, 1996, the order of the Workmen's Compensation Appeal Board, No. A93–3416, dated January 17, 1995, is reversed insofar as it suspends the compensation benefits of Sonja Hockenberry as of May 17, 1990.

---

**7.** This case is distinguishable from situations such as in *Carbaugh v. Workmen's Compensation Appeal Board (T.B. Wood's Sons Company)*, 162 Pa.Cmwlth. 386, 639 A.2d 853, *petition for allowance of appeal denied*, —— Pa. ——, —— A.2d —— (October 12, 1994), and *Braun Baking Company v. Workmen's Compensation Appeal Board (Stevens)*, 583 A.2d 860 (Pa.Cmwlth.1990), where an employer is offering the claimant a job he or she had worked prior to the work injury. In those situations only, we have held that the requirement for giving claimant a basic job description and general job classification is lessened, to the extent that the employer need not inform claimant of aspects of the job which he or she would already know due to work experience. However, even where the claimant has some information about the job, she must not be forced to rely on her own speculations and suppositions about the duties of the job. *See School District of Philadelphia*, 603 A.2d at 685.