**McCONWAY & TORLEY CORPORATION,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Richard M. CAMPBELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1996.

Decided June 6, 1996.

Martha Zeigler Eberhardt, for Petitioner.

Amiel B. Caramanna, Jr., for Respondent.

Before McGINLEY, FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

McConway & Torley Corporation (Employer) appeals from an order of the Workmen's Compensation Appeal Board (WCAB) reversing the decision of a Workers' Compensation Judge (WCJ) which granted Employer's petition to suspend the workers' compensation benefits of Richard M. Campbell (Claimant). We reverse.

Claimant worked for Employer as a brick mason when, on October 10, 1989, Claimant sustained a work-related injury to his low back. (WCJ's Finding of Fact, No. 2.) Claimant received benefits pursuant to a Notice of Compensation Payable. (O.R., Notice of Compensation Payable.) In March 1990, Claimant attempted to return to work in the position of core stacker;[1] however, after two weeks, Claimant was no longer able to perform that job. In November 1990, Claimant tried to return to work as a sand tester; however, Claimant was unable to continue in that position because his legs were bothering him.[2] (WCJ's Finding of Fact, No. 9.)

Subsequently, Claimant was released again to return to light-duty work as a sand tester. Employer contacted Claimant, but it was obvious to Employer that Claimant did not want to return to work. Thus, Employer sent Claimant a letter on March 7, 1991, stating: "You have been released to work to your former light duty job. Please contact me no later than Monday, March 11, 1991, to discuss a date and time for your return to work." (WCJ's Finding of Fact, No. 9; R.R. at 196a.)

---

1. A core stacker takes cores off of a conveyor belt and puts them on top of a truck; this position required Claimant to stand all day. (WCJ's Finding of Fact, No. 2.)

2. The sand tester position required Claimant to walk to a couple of areas of the foundry, pick up a one-pound sample of sand, walk to the furnace area, climb up twelve steps, walk on a platform and climb up another six or seven steps to the lab. Claimant had to do this every forty-five minutes to an hour. Once he got to the lab, Claimant could either assist with the testing or rest until the next sample was needed. (WCJ's Findings of Fact, Nos. 9, 11(b).)

When Claimant failed to respond, Employer filed a petition to modify and/or suspend Claimant's benefits, alleging that: (1) Claimant had been released to light-duty work; (2) Employer contacted Claimant to arrange a date for his return to work; (3) Claimant did not respond; and (4) work was available within Claimant's physical capabilities. Claimant filed an answer denying the material allegations of the petition, and hearings were held before a WCJ. (WCJ's Finding of Fact, No. 1.)

Based on the evidence presented at the hearings,[3] the WCJ found that, although Employer's March 7, 1991 letter failed to specify to which "former light duty job" Claimant had been released for work, it was reasonable for Claimant to assume that Employer meant the sand tester position because it was the *last* light duty job which Claimant had performed. (WCJ's Finding of Fact, No. 11(d).) Thus, because Claimant did not respond to Employer's letter, the WCJ granted Employer's suspension petition.

Claimant appealed to the WCAB, which noted that Claimant had been released to perform only *one* of his two "former light duty jobs." The WCAB then determined that, because Employer failed to indicate which of Claimant's "former light duty jobs" he had been released to perform, Employer did not meet its burden of proving that it referred Claimant to a job for which medical clearance had been given. Therefore, the WCAB reversed the decision of the WCJ.

■■■ On appeal to this court,[4] Employer argues that the WCAB erred in concluding that Employer's March 7, 1991 letter failed to provide legally sufficient notice to Claimant with respect to the availability of a job fitting the occupational category for which

Claimant had received medical clearance. We agree.

■■■ In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our supreme court set forth the procedure governing an injured employee's return to work:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.[5]

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

Before an employee has the responsibility to follow up on a job referral made pursuant to the second prong of *Kachinski,* an employer must at least provide the claimant or his counsel with a general job classification and a basic description of the job to give the claimant something to go on. *Four–Way Construction Co. v. Workmen's Compensation Appeal Board (Snyder),* 113 Pa.Cmwlth. 235, 536 A.2d 873 (1988). However, where the claimant already knows the job requirements because he previously worked in the position, an employer does not have to communicate those requirements to the claimant. *Carbaugh v. Workmen's Compensation Appeal Board (T.B. Wood's Sons Co.),* 162 Pa. Cmwlth.386, 639 A.2d 853, *appeal denied,* 1994 Pa. LEXIS 515 (Pa. Oct. 12, 1994).

---

3. At the hearings, Claimant testified on his own behalf and presented the deposition testimony of Parviz Baghai, M.D.. Employer presented the deposition testimony of Rose Andricik, Vice-President of Human Relations for Employer, Ellen H. Mustovic, M.D., and Dr. Baghai.

4. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial

evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable),* 145 Pa.Cmwlth.582, 604 A.2d 767 (1992).

5. Referrals by the employer must be made in a good faith attempt to return the employee to productive employment, rather than a mere attempt to avoid paying compensation. *Kachinski.*

In *Carbaugh,* certain claimants had been working light duty jobs for an employer when they sustained a loss of wages due to a strike. While on strike, the claimants received a form letter from the employer inviting them back to work; the form letter did not indicate that light duty work was available, i.e., work in the occupational category for which the claimants had received medical clearance. We stated that, because the claimants had been working in light duty positions prior to the strike, the claimants *should have reasonably assumed* that the employer was offering them those same jobs. Thus, we held that the employer's form letter was a legally sufficient job referral under *Kachinski.*

Here, Claimant received a letter from Employer stating: "You have been released to work to your former light duty job. Please contact me no later than Monday, March 11, 1991, to discuss a date and time for your return to work." (R.R. at 196a.) This letter specifically states that Employer has light duty work available for Claimant, i.e., work within the occupational category for which Claimant received medical clearance. Thus, Employer's letter here provides Claimant with more notice of work availability than the *Carbaugh* form letter gave those claimants.

Moreover, whereas the employer in *Carbaugh* failed to mention *any* particular job, Employer's letter here indicates that the light duty work is Claimant's former light duty job. As in *Carbaugh,* we believe that Claimant should have reasonably assumed that Employer was offering him the sand tester position, the last light duty job that he worked for Employer.[6] Because Claimant already knew the requirements of the light duty sand tester job, Employer did not have to provide such information in the letter.

Based on our holding in *Carbaugh,* we conclude that Employer provided Claimant with legally sufficient notice of available light duty work. Moreover, because Claimant did not follow through in good faith on Employer's job referral,[7] we reverse the decision of the WCAB and reinstate the WCJ's grant of Employer's suspension petition.

### ORDER

AND NOW, this 6th day of June, 1996, the order of the Workmen's Compensation Appeal Board, at A94–3716, dated August 31, 1995, is reversed, and the order of the Workers' Compensation Judge granting McConway & Torley Corporation's suspension petition is reinstated.

---

6. We note, with Employer, that the WCAB apparently believed, contrary to the WCJ's findings, that Claimant last worked in a light duty capacity for Employer as a core stacker. Although Claimant testified as such, the WCJ rejected Claimant's testimony and, based on other evidence of record, found that Claimant last worked in a light duty job with Employer as a sand tester. (WCJ's Finding of Fact, No. 11(b).)

7. If Claimant was uncertain about which former light duty job Employer was offering him, Claimant could have contacted Employer and asked.