## Julianna EIDEM

v.

## WORKERS COMPENSATION APPEAL BOARD (GNADEN–HUETTEN MEMORIAL HOSPITAL).

### Appeal of Gnaden–Huetten Memorial Hospital and Phico Insurance Company.

Supreme Court of Pennsylvania.

Argued Nov. 16, 1999.
Decided Feb. 28, 2000.

102

Douglas G. Cappellini, Donald H. Lipson, Beverly J. Doneker, Tallman, Hudders & Sorrentino, P.C., Allentown, for Gnaden-Huetten Memorial Hosp. and Phico Ins. Co.

Frank Tamulonis, Zimmerman, Lieberman & Derenzo, Pottsville, for Julianna Eidem.

James A. Holzman, Harrisburg, Amber M. Kenger, Mechanicsburg, for W.C.A.B.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

CAPPY, Justice.

The sole issue before us is whether Gnaden–Huetten Memorial Hospital's (hereafter employer) referral letter to Julianna Eidem (hereafter claimant) provided sufficient notice of an available job position to satisfy employer's burden of proof pursuant to *Kachinski v. WCAB (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). For the reasons set forth herein, we determine that employer's letter was sufficient to satisfy its burden of proof pursuant · to *Kachinski* and reverse the Commonwealth Court.

Claimant worked at Gnaden–Huetten Memorial Hospital as a nurse's aide. On July 11, 1992, claimant injured her right shoulder and elbow in the course of performing her duties. After initially denying her claim for workers' compensation benefits, employer issued a Notice of Compensation Payable awarding claimant benefits. In January 1993, employer's insurer requested that claimant be examined by employer's medical expert, Dr. Raymond Bruno. Dr. Bruno examined claimant and determined that claimant was able to perform light duty work with certain restrictions on her physical exertion. Claimant's own physician, Dr. Floriel P. Diaz, did not believe claimant could return to light duty work, since, in his opinion, claimant was permanently injured and she had reached her maximum level of medical improvement.

Based upon Dr. Bruno's diagnosis, employer sent claimant a letter, dated March 5, 1993, informing her that she was cleared to return to work in a light duty position.

The letter stated that a "temporary position" was available and enumerated the restrictions placed upon her physical exertion [1] and the number of hours each day and week claimant would be expected to work.[2] The letter also specified the rate of pay claimant would receive, and directed claimant to contact employer's director of nursing to arrange her work schedule. Claimant did not respond to this letter, opting to rely on the opinion of Dr. Diaz that she was unable to work in a light duty position.[3]

On December 3, 1993, employer's insurer filed a Petition to Modify claimant's compensation benefits asserting that as of March 5, 1993, claimant was medically released to return to work, and employer had offered available work to claimant within her medical restrictions. The Workers' Compensation Judge (WCJ) credited the opinion of Dr. Bruno and rejected the testimony of Dr. Diaz. The WCJ concluded that claimant's physical condition had changed and she was able to return to work in a light duty capacity. The WCJ also determined that employer had offered claimant an available job position within her capabilities and that she had failed to follow up on this referral in good faith. Accordingly, the WCJ modified claimant's benefits. The Workers' Compensation Appeal Board (WCAB) affirmed. The Commonwealth Court reversed on the basis that the referral letter did not set forth a description of the job position that was offered. This court granted employer's Petition for Allowance of Appeal to resolve the issue of whether employer's referral letter satisfied employ-

---

1. The letter specified that claimant would be limited to "light work," lifting 20 lbs. maximum. It also enumerated precise physical restrictions that would be placed on the position: simple grasping and fine manipulation, standing/walking 1–4 hours per day, sitting 3–5 hours per day, frequent bending and squatting, occasional climbing, using her feet for repetitive movement as in operating foot controls, and wearing a wrist splint. R.R. at Exhibit D–2.

2. The letter specified that claimant would only be expected to work four hours per day, 12 hours per week. The letter also provided that the duration of this position would depend upon the duration of her physical restrictions.

3. Employer sent claimant this same letter dated June 4, 1993. Yet again, claimant did not respond to this letter.

er's burden of proof of an available job position pursuant to *Kachinski v. WCAB (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

Employer argues that the referral letter sent to claimant set forth the necessary information to demonstrate available work as required under the second prong of *Kachinski*. Employer acknowledges that the letter does not contain a specific job title or duties, but asserts that such information could be gleaned from all of the surrounding circumstances. Thus, employer concludes that claimant failed to follow through on the referral in good faith and the WCJ properly modified claimant's benefits.

Claimant responds that in the absence of any job title or description, the referral letter does not contain sufficient information for the employee to make an informed choice about employment. According to claimant, an informed choice includes sufficient information for the claimant to evaluate whether the duties fall within her physical restrictions. In a related argument, claimant asserts that she could not learn any information about the job that was being offered, since she had never worked in a "temporary position" with employer.

■ "Appellate review of a workers' compensation order is limited to determining whether a constitutional violation, an error of law or a violation of Board procedure has occurred and whether the necessary findings of fact are supported by substantial evidence." *Waugh v. WCAB (State Workmen's Insurance Fund & Blue Grass Steel)*, 558 Pa. 400, 737 A.2d 733, 736 (1999).

■ In order to modify a claimant's workers' compensation benefits the employer must produce medical evidence of a change in physical condition and must produce evidence of a referral to an available job position, which fits the occupational category for which claimant has been cleared, e.g. light work, sedentary work,

etc. *Kachinski*, 532 A.2d at 380. Once the employer has demonstrated compliance with these two requirements, then the claimant must demonstrate that she has in good faith followed through on the referrals. *Id.* In the instant case, it is conceded that the employer has produced sufficient evidence of a change in physical condition of the claimant. Thus, the sole inquiry is whether employer's letter referred claimant to an available job position, as required by the second prong of the test set forth above.

■ It is well-settled that in order to satisfy this second prong of *Kachinski* the employer must make a referral to a job position that is actually available. *Kachinski*, 532 A.2d at 379. "It is enough that the employer produce medical evidence describing the claimant's capabilities, and vocational evidence classifying the job, e.g., whether it is light work, sedentary work, etc., along with a basic description of the job in question." *Id.* It is clear that the employer need not specify every aspect of the job in question, since in *Kachinski* this court explicitly rejected such a hypertechnical approach to reviewing these referrals. *Id.* Rather, the referral should be reviewed in a common sense manner in order to determine whether a suitable position has been made available to the claimant.

■ In determining whether a referral letter provides sufficient information of an available job position, the Commonwealth Court has developed two lines of reasoning. Where the employer is providing referrals to alternative positions—jobs the employee has not been previously employed in—the employer must provide information related to the job duties and classification so that the claimant can make an informed decision regarding whether the position offered is within her capabilities. *Hockenberry v. WCAB (Penn.State)*, 672 A.2d 393 (Pa. Commw.1996); *see also School Dist. of Philadelphia v. WCAB (Stutts)*, 145 Pa.

Cmwlth. 413, 603 A.2d 682 (1992); *Four–Way Construction Co. v. WCAB (Snyder)*, 113 Pa.Cmwlth. 235, 536 A.2d 873 (1988). On the other hand, where the employer is offering claimant a light duty position in which she has previously worked, no job position or duties must be specified. *Carbaugh v. WCAB (T.B. Wood's Sons Co.)*, 162 Pa.Cmwlth. 386, 639 A.2d 853 (1994); *see also McConway & Torley Corp. v. WCAB (Campbell)*, 677 A.2d 381 (Pa. Commw.1996); *Braun Baking Co. v. WCAB (Stevens)*, 136 Pa.Cmwlth. 499, 583 A.2d 860 (1990). These cases reason that the employer need not specify a job position or duties since the claimant can "reasonably assume that he is being offered the same position" that he has previously worked, and thus, is familiar with the requirements of that position.

◼ Although these two lines of cases appear to be divergent, it is clear that they require the employer to provide essentially the same information regarding a job position in order for it to be considered actually available. First, the claimant must be reasonably apprised of the job duties and classification, either through prior work experience or through expressly delineating these factors in the letter. Second, the claimant must be given sufficient information in order to determine whether the available position is within her physical restrictions. Only then has employer met its burden of proof pursuant to the second prong of *Kachinski* since claimant has been provided with sufficient information to make an informed decision regarding whether the available position is within her capabilities.

In the instant case, the only type of work that claimant had performed for employer was as a nurse's aide. In addition, the referral letter directed that claimant contact the director of nursing to arrange her schedule. Based upon these facts, claimant could reasonably assume that she was being offered her prior position as a nurse's aide.[4] In addition, claimant was fully apprised of the job requirements related to that position as she had previously worked in that position.

The letter specifically enumerated the physical restrictions that would be placed on claimant's duties, including the statement that claimant would be limited to "light work." The letter also limited the number of hours per week that claimant would be expected to work. These limitations were consistent with the medical opinion of Dr. Bruno. Thus, the letter provided sufficient information for claimant to make an informed decision regarding whether the job was commensurate with her physical limitations.

◼ Based upon these facts, the information provided in the letter was sufficient for claimant to determine whether the available position was within her capabilities. Therefore, it is clear that the referral letter provided evidence of an actually available job position and employer met its burden of proof pursuant to *Kachinski*. As this is the sole issue before the court, the order of the Commonwealth Court is reversed and the order of the Workers' Compensation Appeal Board, affirming the WCJ's modification of the claimant's benefits, is reinstated.

---

4. Although Dr. Bruno testified that claimant could not return to her pre-injury position, it is clear that he was referring to her pre-injury full-time position without the appropriate physical restrictions. Indeed, Dr. Bruno stated that claimant could return to work and perform lighter nurse's aide duties, such as making patients' beds. Deposition of Dr. Raymond Bruno at 27.