IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanada Gilliard,                          :
               Petitioner                 :
                                          :    No. 8 C.D. 2016
               v.                         :
                                          :    Submitted: August 5, 2016
Workers' Compensation  Appeal          :
Board (Protocall, Inc.),                    :
               Respondent                :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED:  December 20, 2016


        Shanada Gilliard (Petitioner) petitions for review of the December 9, 2015 order of the Workers' Compensation Appeal Board (Board), which reversed a workers' compensation judge's (WCJ) decision awarding unreasonable contest attorney's fees, but affirmed the WCJ's decision in all other aspects.


**Facts and Procedural History**

        Claimant was hired by Protocall, Inc. (Employer), a temporary agency, and placed in a temporary position as a patient service representative.  On June 13, 2013, Claimant suffered a laceration to her left index finger when she attempted to remove a heavy-duty staple from a pack of medical records using scissors.  Claimant was sent to Pennsylvania Hospital, where she received stitches, and was later treated

at WorkNet. Employer issued a notice of temporary compensation payable acknowledging Claimant's work injury and commencing payment of compensation benefits.

On June 25, 2013, Employer offered Claimant a modified duty position sorting resumes. Claimant accepted the position and, on June 26, 2013, reported to Employer's location; however, Claimant left early and did not return to work for Employer, although light-duty work continued to be available to her.

On July 9, 2013, Employer issued a notice stopping temporary compensation and a notice of compensation denial, indicating that there was no medical documentation to substantiate total disability beyond June 26, 2013.

Claimant underwent surgery on August 22, 2013, and, on October 24, 2013, filed a claim petition seeking total disability benefits from June 13, 2013, and ongoing, as well as payment of medical bills and counsel fees. Employer filed an answer, denying the material allegations of Claimant's petition. Employer subsequently filed a petition for physical examination, which was granted on May 5, 2014.

By letter dated September 3, 2014, Employer offered Claimant a position performing front desk work with one of its clients starting September 11, 2014, and included a notice of ability to return to work. Employer gave Claimant $80.00 for transportation costs to and from its client's location; however, Claimant never appeared at the offered job or returned the transportation costs.

On October 15, 2014, a WCJ conducted a hearing on Claimant's petition. Both Claimant and Employer submitted expert medical testimony. In summary, Claimant's expert, Dr. Caplan, opined that Claimant's injury rendered her incapable of performing her pre-injury position with Employer, "but would allow her

to work in a clerical position that did not require a significant amount of computer input, heavy lifting and carrying, and had some form of temperature control." (WCJ's Finding of Fact at 2.) Conversely, Employer's expert, Dr. Kelman, testified that he would place a ten pound lifting restriction on Claimant's work; that he would not restrict Claimant's ability to walk around the office, sit, or answer telephones; and opined that Claimant could return to her pre-injury job with Employer if she completely immobilized her finger.

**WCJ's Decision**

By order dated February 11, 2015, the WCJ granted Claimant's petition for the closed period of June 13, 2013, through June 25, 2013, because Claimant sustained a work injury. The WCJ suspended Claimant's benefits from June 26, 2013, through August 21, 2013 because Claimant returned to modified, full-duty work on June 26, 2013, and abandoned the same for reasons unrelated to her work injury. Similarly, the WCJ granted Claimant's petition for the period of August 22, 2013, the date of her surgery, through September 10, 2014, but suspended benefits as of September 11, 2014, because Employer met its burden of proving that, "as of September 11, 2014, Claimant was sufficiently recovered from the work injury to return to full time work with restrictions and that such work was available and offered to Claimant but Claimant failed to follow up in good faith." (WCJ's Conclusion of Law at No. 3.)

The WCJ found credible Claimant's testimony that she sustained a work injury; however, the WCJ specifically rejected as not credible Claimant's testimony that she was unable to perform the modified duty job sorting resumes until her August 2013 surgery. The WCJ also found:

3

Claimant's credibility in general is undermined by the fact that she had multiple instances of non-compliance with medical referrals to therapy and to Dr. Zelouf and significant gaps in treatment. Of note, Claimant did not receive any medical treatment from September 3, 2013 when she last saw Dr. Zelouf to February 2014 when she first saw Dr. Caplan. Claimant's testimony regarding why she was non-compliant with therapy was internally inconsistent. At her deposition she said she did not go to therapy due to childcare and transportation issues as well as "other responsibilities." At the hearing, Claimant testified that she did not go to therapy because of "insurance." Claimant's credibility is further undermined by her actions with respect to the September 3, 2014 job offer as described by the credible and unrebutted testimony of Mr. Fazio and Ms. Tistan-McGuire. Claimant's credibility is undermined by her conviction for retail theft in October of 2011.[1]

(WCJ's Finding of Fact at No. 10.)

Regarding the medical testimony of Claimant's expert, Dr. Caplan, and Employer's expert, Dr. Kelman, the WCJ found their testimony substantially similar. However, to the extent that their opinions differed, the WCJ found Dr. Kelman more credible and persuasive because: Dr. Kelman was a Board-certified orthopedic surgeon whereas Dr. Caplan was a plastic surgeon; and Dr. Caplan only saw Claimant on a single occasion, eight months after her injury, at the referral of her attorney. (WCJ's Finding of Fact at No. 15.)

In addition, the WCJ found that Employer's contest was unreasonable because it maintained its denial notwithstanding that WorkNet confirmed that

---

[1] Dr. Zelouf is the surgeon who performed Claimant's surgery. Dr. Zelouf did not testify but generated medical records that the parties' experts reviewed. (WCJ's Findings of Fact at Nos. 1-3.) Mr. Fazio is Vice President of operations for Employer's Pennsylvania branches and the author of the September 2014 letter. (WCJ's Finding of Fact at No. 6.) Similarly, Ms. Tistan-McGuire is Employer's corporate administrative assistant.

Claimant sustained a work injury and had to undergo surgery for the same. Accordingly, the WCJ directed Employer to pay Claimant's attorney's fees.

Claimant and Employer both appealed the WCJ's decision to the Board. Claimant asserted that, *inter alia*, Employer's September 3, 2014 letter was legally insufficient to warrant a suspension of benefits because it did not contain enough information about the job requirements of the position. Employer argued that the WCJ erred in concluding that its contest was unreasonable.

## Board's Decision

By order dated December 9, 2015, the Board reversed the WCJ's award of unreasonable contest attorney's fees and affirmed the decision in all other aspects. According to the Board, although Employer had knowledge that Claimant had sustained a work injury and had to undergo surgery for the same, Employer issued a notice of compensation denial asserting that Claimant did not have any disability from June 26, 2013, and ongoing. Thus, the Board determined that Employer's contest was reasonable because Claimant's disability was in dispute. Additionally, the Board found persuasive that Employer's contest disputing Claimant's disability was ultimately successful.

Regarding Employer's September 2014 letter, the Board determined that it was adequate to meet the standard outlined in *Hockenberry v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 672 A.2d 393 (Pa. Cmwlth. 1996), because it provided a general job classification and included a basic description of the work duties to be performed. As such, the Board determined that the WCJ did not err in suspending Claimant's benefits as of September 11, 2014. Claimant appealed the Board's decision to this Court.

On appeal,[2] Claimant asserts that the Board erred in affirming the WCJ's decision suspending benefits because Employer's September 2014 letter did not meet the specifics required for an offer of employment pursuant to the standard promulgated in *Hockenberry*. Moreover, Claimant argues that Employer failed to meet its burden of establishing that the job offer was within Claimant's medical restriction because the letter's author stated that he did not review the medical reports or know Claimant's medical restrictions. Additionally, Claimant argues the Board's decision to reverse the WCJ's award of attorney's fees was erroneous because Employer denied all aspects of Claimant's injury notwithstanding evidence in its possession amounting to "strict proof" of the same. (Petitioner's brief at 7.)

Conversely, Employer argues that the Board's decision suspending Claimant's benefits was proper because there is no requirement that the author of a job referral letter review medical reports before offering the position. Moreover, Employer argues that it acted within its rights to litigate Claimant's disability and the Board's decision reversing the WCJ's award of attorney fees was proper.

## Discussion

Generally, an employer must meet the following requirements to suspend a claimant's benefits:

> 1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

---

[2] Our scope of review is limited to determining whether an error of law occurred, whether constitutional rights have been violated, or whether necessary findings of fact are supported by substantial evidence. *Hockenberry v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 672 A.2d 393, 395 n.4 (Pa. Cmwlth. 1996).

6

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith follow through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 532 A.2d 374, 380 (Pa. 1987).[3]

An employer may establish its entitlement to a suspension or modification of benefits by referring a claimant to an available position as required by *Kachinski*. *City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 4 A.3d 1130, 1134 (Pa. Cmwlth. 2010). If the employee has not been previously employed in the referred position, the employer must provide information related to the job duties and classification "so that the claimant can make an informed decision regarding whether the position offered is within her capabilities." *Eidem v. Workers' Compensation Appeal Board (Gnaden-Huetten Memorial Hospital)*, 746 A.2d 101, 104 (Pa. 2000). In other words, a job referral must provide the claimant with a general job classification or state whether the job is within a category for

---

[3] Although *Kachinski* was superseded, in part, when the General Assembly amended Section 306(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §512, to add subsection (2) in 1996, *Riddle v. Workers' Compensation Appeal Board (Allegheny City Electric, Inc.)*, 981 A.2d 1288, 1292-93 (Pa. 2009), *Kachinski* "is still applicable in situations where an employer seeks a modification of benefits based on an offer of a specific job with the employer." *South Hills Health System v. Workers' Compensation Appeal Board (Kiefer)*, 806 A.2d 962, 968 (Pa. Cmwlth. 2002).

which the claimant has received medical clearance, along with a basic description of the job. *Hockenberry,* 672 A.2d at 396-97; *Four-Way Construction Company v. Workmen's Compensation Appeal Board (Snyder)*, 536 A.2d 873, 874 (Pa. Cmwlth. 1988).

"It is clear that the employer need not specify every aspect of the job in question, since in *Kachinski* this court explicitly rejected such a hypertechnical approach to reviewing these referrals." *Eidem*, 746 A.2d at 104. "Rather, the referral should be reviewed in a common sense manner in order to determine whether a suitable position has been made available to the claimant." *Id*. "The burdens imposed on employers in regard to job referrals are not onerous." *School District of Philadelphia v. Workmen's Compensation Appeal Board (Stutts)*, 603 A.2d 682, 686 (Pa. Cmwlth. 1992).

According to Claimant, Employer's September 2014 letter did not meet the standard promulgated in *Hockenberry* because the author acknowledged that he was not aware of the medical restrictions placed on Claimant by her physician; the letter made no mention of a specific job being offered; and the letter did not state how guidelines provided by Claimant's physician were used to identify an appropriate work assignment. Thus, Claimant maintains, the September 2014 letter is virtually the same as the letter rejected in *Hockenberry*.

In *Hockenberry*, after the claimant suffered a work injury, her doctor advised that she could return to work only if her job duties did not require kneeling, working overhead for long periods of time, or working with her head fully flexed for long periods. Subsequently, the employer sent the claimant a letter stating:

> [Y]ou [are] ordered to report to work on May 16, 1990 at
> 8:15 a.m.

> Arrangements have been made to provide you with duties which will accommodate the physical limitations detailed in the medical reported dated April 16, 1990 . . . . The report states 'The patient may perform all duties of her job with the exception of A) Kneeling. B) Working over heads for long periods. C) Working with the head fully flexed for long periods.'

672 A.2d at 395.

Notwithstanding the letter, the claimant did not report to work, employer terminated the claimant for abandoning her job, and the claimant filed a claim petition seeking compensation benefits. On appeal to this Court, we determined that the employer's letter was not sufficient notice to the claimant of existing available work because it "merely states that an alternative position had been arranged which would accommodate her physical limitations as detailed by her physician. *It failed to provide any descriptive information about the available job or its duties*; such information is essential to her in making an informed choice about the job referral." *Id*. at 397 (emphasis added). We concluded that a job referral must include "a general job classification and a basic description of the job." *Id*.

Here, Employer's September 2014 letter to Claimant advised, in pertinent part, that: it had been notified by Claimant's physician that she has been cleared to return to work; it used guidelines provided by Claimant's physician to identify an appropriate transitional duty work assignment; and Claimant's modified job duties will consist of front desk work, answering phones, data entry, filing, and working with clients. (WCJ's Finding of Fact at No. 6.) As *Eidem* instructs, Employer need not specify every aspect of the job in question; rather, the referral should be reviewed in a common sense manner. Employer's letter contains a general job classification of modified, transitional duty work, states that it worked with Claimant's physician to identify an appropriate position, and provides a basic

9

description of the modified job's duties. Contrary to the letter in *Hockenberry*, Employer's letter provides specific, descriptive information regarding the job sufficient to enable Claimant to make an informed choice about the referral. Indeed, Claimant's own conduct indicates the suitability of the referral: Claimant appeared at Employer's office building; requested and accepted money for transportation to the referred job, but never appeared for the same. The fact that Claimant accepted funds for transportation to the referred job in anticipation of performing the same demonstrates that the letter enabled her to make an informed choice about whether the referral was within her capabilities.

Moreover, Claimant's assertions that the September 2014 letter was insufficient because its author stated that he did not review her medical reports or know Claimant's medical restrictions and the letter did not state how Claimant's physician's guidelines were taken into account when identifying an appropriate assignment lacks merit. The purpose of requiring essential information in job referrals is to provide a claimant with notice of work within his or her restrictions. *See School District of Philadelphia*, 603 A.2d at 686. The focus of the inquiry is on the content of the referral, not the procedures that were used to generate it. Thus, Claimant's argument is unpersuasive.

Therefore, we discern no error in the Board's determination that Employer's September 2014 letter complied with the standard promulgated in *Hockenberry* and was sufficient to advise Claimant of work within her restrictions because it contained a general job classification, stated that the job was within a category for which Claimant had received medical clearance, and provided a basic description of the job's duties.

10

**Attorney's Fees**

Section 440 of the Law, *added by* the Act of February 8, 1972, P.L. 25, 77 P.S. §996(a), states:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a).

"The award of attorney's fees is the rule in worker's [sic] compensation cases, and their exclusion is the exception which is applied only in cases where the employer has presented sufficient evidence to establish the reasonable basis for its contest." *General Carbide Corporation v. Workmen's Compensation Appeal Board (Daum)*, 671 A.2d 268, 270 (Pa. Cmwlth. 1996). The employer bears the burden of presenting sufficient evidence to establish that its contest was reasonable. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehabilitation)*, 730 A.2d 1025, 1028 (Pa. Cmwlth. 1999). "Reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Company, sub. of J.M. Smucker Co.)*, 591 A.2d 372, 374 (Pa. Cmwlth. 1991).

11

"[A]n employer may contest a claim in order to ascertain the proper period of disability." *Striker v. Workmen's Compensation Appeal Board (California University of Pa.)*, 650 A.2d 1109, 1111 (Pa. Cmwlth. 1994). Similarly, "[t]he existence of an issue of the degree of disability may provide a reasonable basis for an employer's contest." *Pruitt*, 730 A.2d at 1028; *see also Varghese v. Workmen's Compensation Appeal Board (M. Cardone Industries)*, 573 A.2d 630, 633 (Pa. 1990) (holding that conflicting medical evidence regarding the extent of the claimant's disabilities forms a reasonable basis for the contest). Whether an employer's contest is reasonable for purposes of an award of attorney's fees is a question of law fully reviewable by this Court. *Pruitt*, 730 A.2d at 1025.

Claimant argues that the Board erred in reversing the WCJ's award of unreasonable contest attorney's fees because Employer had medical evidence indicating that Claimant suffered a work injury and required surgery. Therefore, according to Claimant, there was no dispute regarding the nature of Claimant's work injury or whether it was causally related to her work duties.

Here, Claimant is correct that there was no dispute regarding the nature of Claimant's work injury or whether it was causally related to her work duties. However, Employer's contest was related to the degree and period of Claimant's disability, which is a reasonable basis for a contest. Although Employer was aware that Claimant sustained a work injury and required surgery for the same, this information had no bearing on Claimant's degree or period of disability. Moreover, the record lacks evidence indicating that the purpose of Employer's contest was to harass Claimant. Indeed, Employer was ultimately successful, in part, in disputing Claimant's degree and period of disability. *See Volterano v. Workmen's Compensation Appeal Board (Allied Corporation and Travelers Insurance*

12

*Company)*, 613 A.2d 61, 65 (Pa. Cmwlth. 1992) (holding that the employer's success in disputed workers' compensation claim made contest *per se* reasonable). Therefore, we discern no error in the Board's determination to reverse the WCJ's award of unreasonable contest attorney's fees.

 Accordingly, the Board's order is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanada Gilliard,                  :
            Petitioner         :
                                   :    No. 8 C.D. 2016
           v.                   :
                                   :
Workers' Compensation  Appeal    :
Board (Protocall, Inc.),            :
              Respondent      :

## *ORDER*

      AND NOW, this 20th day of December, 2016, the December 9, 2015 order of the Workers' Compensation Appeal Board is affirmed.

 

_____
PATRICIA A. McCULLOUGH, Judge