616 A.2d 106

**LATROBE STEEL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HENDERSON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 19, 1992.

Decided Sept. 23, 1992.

584

Craig E. Kuyat, for petitioner.

Edwin H. Beachler, for respondent.

Before COLINS and KELLEY, JJ., and LEDERER, Senior Judge.

LEDERER, Senior Judge.

Latrobe Steel Company (Latrobe) petitions for review of an order of the Workmen's Compensation Appeal Board (the Board), which affirmed a referee's decision to dismiss Latrobe's petition for termination, suspension or modification of benefits for David R. Henderson (the Claimant), pursuant to Section 423(a) of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. § 772. We affirm.

The record discloses the following factual background:

The Claimant sustained a compensable injury on August 20, 1981, while in the course of his employment as a utility craneman for Latrobe. He received disability benefits from the date of his injury until August 6, 1984. From August 6, 1984 to March 17, 1986, Latrobe employed the Claimant as a surface grinder, a position which paid a higher weekly wage than the utility craneman position. During the period he was employed as a surface grinder, the Claimant's benefits were suspended. Total disability benefits were reinstated by agreement of the parties on March 17, 1986.

In July, 1987, the Claimant was examined by Latrobe's company physician, who concluded that he was physically able to return to work. The Claimant was informed of the doctor's determination by a letter from his supervisor dated July 24, 1987. At the request of Latrobe's insurance carrier the Claimant underwent a second medical examination with Law-

1. Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. §§ 1–1031.

rence F. Casale, M.D., on July 30, 1987. Dr. Casale opined that the Claimant was able to return to his position as a surface grinder.

On August 10, 1987, Latrobe filed its petition for termination, suspension or modification of benefits, alleging that the Claimant was able to return to gainful employment on or before July 30, 1987. In June of 1988, the Claimant attempted to return to the position of surface grinder and was refused on the ground that he had broken continuous service with Latrobe for more than 10 days without reasonable cause, resulting in termination under the terms of Latrobe's basic labor agreement.[2]

The referee found that the Claimant was sufficiently recovered from his work related injuries to resume the position of surface grinder on July 30, 1987. However, the referee also found that Latrobe failed to inform the Claimant that the position was available to him on or after that date. Concluding that Latrobe failed to sustain its burden of proof because "[i]t has not shown that it notified the claimant that work was available to him which he is able to perform within the limitations imposed upon him by his injury," the referee dismissed Latrobe's petition. (Referee's Decision, June 28, 1989, Conclusion of Law No. 1.)

Latrobe appealed the referee's decision and the Board affirmed, citing the four-step burden of proof standard enunciated in *Kachinski v. Workmen's Compensation Appeal Board*, 516 Pa. 240, 532 A.2d 374 (1987):

> 1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.
>
> 2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the

---

2. The Claimant's termination of employment is raised as a ground for terminating his benefits for the first time in Latrobe's brief in support of its petition for review to this court. Because this issue was not raised below or in Latrobe's petition for review, it is waived and we will not consider it.

occupational category for which the claimant has been given medical clearance....

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

516 Pa. at 252, 532 A.2d at 380.

In its petition for review to this court, Latrobe raises several issues regarding the second step of the *Kachinski* burden in a situation where, as here, the position for which the claimant is cleared is the same position the claimant previously performed for the same employer and does not involve referrals to other employers. Stated broadly, the question presented is whether, and to what extent, the *Kachinski* standard should apply in cases of this nature.[3]

Latrobe contends that *Kachinski*'s second step cannot logically apply in this case because it speaks to evidence of job *referrals*. As Latrobe interprets the term, it necessarily involves providing information about *new or different positions* with *new or different employers*. In this instance, the Claimant was medically cleared to return to the same position he held with Latrobe prior to the reinstatement of his benefits on March 17, 1976. Thus, Latrobe argues, it was not obligated to present evidence that it notified the Claimant that the position was still available to him because there was no job *referral* involved.

Latrobe points to no authority in support of its argument and research discloses no case law which would limit the applicability of *Kachinski* in the manner Latrobe advocates.

---

3. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were not supported by substantial evidence. *See, e.g., Furnco Construction Corp. v. Workmen's Compensation Appeal Board (Dorogy)*, 124 Pa.Commonwealth Ct. 17, 555 A.2d 275 (1989). Where, as here, the Board took no additional evidence, the referee is the sole judge of the facts and if the testimony, taken as a whole, provides substantial support for the referee's findings, this court must affirm. *Montgomery County Sheriff's Department v. Workmen's Compensation Appeal Board (Riehl)*, 125 Pa.Commonwealth Ct. 6, 556 A.2d 962 (1989).

There is nothing in *Kachinski* or its progeny which would require the job referral referenced in the second step of the employer's burden to be a position with another employer. To so hold would be to exalt form over substance by prizing semantic literalism over the clear intention of *Kachinski*'s holding.

■ Clearly, it is the employer's obligation to make the claimant aware of available jobs within his capability to perform. *See, e.g., Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams),* 130 Pa.Commonwealth Ct. 479, 484, 568 A.2d 981, 983 (1989), *appeal denied,* 527 Pa. 656, 593 A.2d 426 (1990) ("*Kachinski* . . . requires an employer to produce evidence of a referral to a then open job, rather than merely to show the availability of work generally. . . ." (footnote omitted)). *See also Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General and Alexis, Inc.),* 143 Pa.Commonwealth Ct. 624, 629, 600 A.2d 633, 636 (1991) ("Under *Kachinski,* the Employer must show that Claimant received notice of an available job referral."); and *Champion Home Builders Co. v. Workmen's Compensation Appeal Board (Ickes),* 136 Pa.Commonwealth Ct. 612, 616, 585 A.2d 550, 552 (1990) ("The employer has the burden of establishing that the suggested positions of employment are available at the time the claimant has been given medical clearance."). We can find no reason why it should matter whether the "suggested positions" are with the employer itself or with another potential employer.

Moreover, we note that since *Kachinski,* this court has considered numerous cases involving employers' petitions to modify benefits where the position alleged to be acceptable and available for the claimant was a position with the claimant's employer. *See, e.g., Swope v. Workmen's Compensation Appeal Board (Harry Products, Inc.),* 144 Pa.Commonwealth Ct. 22, 600 A.2d 670 (1991); *St. Joe Container Co. v. Workmen's Compensation Appeal Board (Staros–Chuck),* 141 Pa.Commonwealth Ct. 672, 596 A.2d 1193 (1991); *Jayne v. Workmen's Compensation Appeal Board (King Fifth Wheel),* 137 Pa.Commonwealth Ct. 211, 585 A.2d 604 (1991); *York*

*Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 140 Pa.Commonwealth Ct. 75, 591 A.2d 762 (1991). Although these cases considered various aspects of the employer's obligations under *Kachinski*'s second step, in no case was it posited that *Kachinski* should not apply.

We can see no reason why *Kachinski* should not apply to situations such as this, where the position for which the claimant is medically cleared is one which he held prior to his absence. All that would be required is for the employer to show some evidence that it notified the claimant that his previous position, for which he has been medically cleared, is available to him. We do not consider this to be stretching *Kachinski*'s second step. In fact, common sense dictates that such action by the employer is implicitly directed under *Kachinski*. Accordingly, we reject Latrobe's first line of argument.

We turn now to Latrobe's second line of argument, that the referee and the Board erred by applying an improperly restrictive interpretation of *Kachinski*'s standard and by finding that Latrobe failed to inform the Claimant that the surface grinder position was available to him on or after July 30, 1987. (Referee's Decision, Finding of Fact No. 14.)

In *Lukens, Inc.*, this court described as "critical" the need for the claimant to be aware of the availability of the suitable position. Discussing the issue of "constructive communication" considered in the pre-*Kachinski* case *W & L Sales Co. v. Workmen's Compensation Appeal Board (Drake)*, 92 Pa.Commonwealth Ct. 396, 499 A.2d 710 (1985), we stated:

> Despite the fact that we were discussing the situation of the claimant's physician, rather than the claimant being informed of a possible job opening, we found *the issue of whether the claimant himself knew of the opening to be critical. Without that vital information, the claimant could not be expected to pursue the position.*

130 Pa.Commonwealth Ct. at 486, 568 A.2d at 984 (emphasis added). It is only fair to take this approach because once the employer satisfies the first two steps of the *Kachinski* stan-

dard, the burden shifts to the claimant to show that he followed through on the job leads in good faith.

▮ Latrobe contends that the July 24, 1987 letter apprising the Claimant that the company physician determined him to be physically fit to return to work was sufficient to notify claimant that his previous position of surface grinder was available to him. The July 24 letter states:

> The Company doctor has determined that your physical examination results are normal and that you have the physical fitness to return to work. Before returning to work, however, will you please provide us with a release to return to work from your treating physician. If your physician is unable to release your for work at this time, please request that he submit to us a narrative as to why, in his opinion, you are unable to return.

Claimant's Exhibit No. 4, Reproduced Record at 182a.

We do not agree that the text of this letter was sufficient to apprise the Claimant of the "critical" knowledge necessary to shift the burden from Latrobe. Moreover, there is nothing in the record which indicates that Latrobe ever informed the Claimant prior to the filing of its petition that the position of surface grinder was open and available to him. Thus, we conclude that Finding of Fact No. 14 was supported by substantial evidence.

This court has previously held that it is part of the employer's obligation under *Kachinski* to provide the claimant with enough information about a prospective position to enable the claimant to know whether it is within his capability. *See, e.g., Four–Way Construction Co. v. Workmen's Compensation Appeal Board (Snyder)*, 113 Pa.Commonwealth Ct. 235, 536 A.2d 873 (1988); and *School District of Philadelphia v. Workmen's Compensation Appeal Board (Stutts)*, 145 Pa.Commonwealth Ct. 413, 603 A.2d 682 (1992). In that context, we observed: "Although the jobs involved here may be 'obviously sedentary,' we think that *claimants must not be forced to rely on their own speculations and suppositions in regard to such a crucial matter.*" *School District of Philadelphia* at 419, 603 A.2d

at 685 (emphasis added). This rationale is equally applicable here.

Certainly, on these facts, the quantum of information Latrobe would need to provide would be less than if the position was entirely new to the Claimant. However, Latrobe should have, at a minimum, expressly informed the Claimant that he was medically cleared for the position of surface grinder *and that the position was actually available to him.* Therefore, we reject Latrobe's second line of argument and agree with the referee and the Board that Latrobe failed to fulfill its burden under *Kachinski.*

Accordingly, the order of the Board will be affirmed.

### ORDER

AND NOW, this 23rd day of September, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.