Florise SMITH, Petitioner,

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (SAUNDER'S
HOUSE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1999.

Decided May 12, 1999.

Reconsideration Denied July 14, 1999.

Picard Losier, Philadelphia, for petition-
er.

Jeffrey A. Cohen, Philadelphia, for re-
spondent.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

FRIEDMAN, Judge.

Florise Smith (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ) to grant a modification petition filed by Saunder's House (Employer). We reverse.

On May 25, 1993, Claimant sustained a lumbrosacral strain in the course of her employment as a nursing assistant at Employer's place of business. As a result of her injury, Claimant did not work from June 2, 1993 to June 20, 1993. Claimant returned and worked from June 20, 1993 to August 12, 1993, at which point her injuries caused her to cease working once again. Claimant has not worked for Employer since that date. On September 8, 1993, Claimant met with Ms. Barbara Long, assistant director of nurses, who informed Claimant that she had been released to light duty work and described a light duty position which Claimant could begin that day. Claimant declined the position.

On October 11, 1993, Employer issued a Notice of Compensation Payable and Supplemental Agreement. The Notice of Compensation Payable indicated that Claimant was to receive benefits for the period from June 2, 1993 to June 20, 1993.

The Supplemental Agreement indicated that Claimant was once again disabled on August 12, 1993 and that Claimant was to receive benefits from that date forward. On October 25, 1993, Employer filed a modification petition and supersedeas request averring that Claimant had sufficiently recovered from her injury to return to a light duty position and that such a job was available to her.

After a hearing on the matter, the WCJ, applying the principles of *Kachinski v. WCAB (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), found that Employer had offered Claimant a light duty position which Claimant was capable of performing. (WCJ's Findings of Fact, Nos. 35 and 37.) The WCJ further found that Claimant failed to act in good faith by refusing the light duty position that had been offered to her. (WCJ's Findings of Fact, No. 36.) As a result, the WCJ suspended Claimant's benefits effective September 8, 1993. The WCAB affirmed.

On appeal to this court,[1] Claimant does not challenge any of the WCJ's factual findings. Her sole argument is that the WCJ erred in suspending Claimant's benefits on grounds that Claimant failed to pursue a job referral in good faith given that Employer had neither accepted nor denied the claim of injury at the time it referred the job to Claimant. We agree.

Section 406.1 of the Workers' Compensation Act (Act)[2] and 34 Pa.Code § 121[3]

1. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

2. Act of June 2, 1915, P.L. 736, *as amended,* added by section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. This section provides in pertinent part:

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407....The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability....

3. 34 Pa.Code § 121.7 provides:
   (a) Form Employer's Notice of Compensation Payable, OIDC–495, may be used as indicated under section 407 of the workers' Compensation Act.
   (b) The employer shall submit the notice directly to the employe or the employe's dependent, with a copy to the Department, as soon as practicable, and in no

together require that, within twenty-one days of notice of the claimant's injury, the employer must formally accept or deny responsibility for the claim by issuing either a Notice of Compensation Payable or a Notice of Workers' Compensation Denial. Here, however, Employer failed to meet this statutory requirement. In fact, at the time of the light duty job referral on September 8, 1993, 106 days after the original injury, Employer still had not accepted or denied responsibility for Claimant's injury.

■ A claimant has no obligation to an employer to pursue job referrals until that claimant's injury has been recognized as compensable, either by a Notice of Compensation Payable, by agreement of the parties, or by a WCJ's adjudication. Then, after a claimant has been medically cleared to return to light duty work, that claimant becomes obligated to pursue appropriate job referrals in good faith or risk losing benefits. *Kachinski.* Because Employer had not accepted Claimant's claim for benefits by September 8, 1993, Claimant had no burden under *Kachinski* regardless of any medical clearance Claimant may have received. Indeed, it is not possible to modify or suspend a claimant's benefits when the claimant is not receiving any benefits. Thus, the WCJ erred in its application of *Kachinski.*

■ *Kachinski* outlined the following procedure governing the return to work of injured employees:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good ·faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 251, 532 A.2d at 380.

■ The burden of proof is on the employer to show that steps one and two have been met. *Latrobe Steel Co. v. Workman's Compensation Appeal Board (Henderson)*, 150 Pa.Cmwlth. 583, 616 A.2d 106 (1992). Only after an employer has met this initial burden does the burden shift to the claimant to show that she followed through on job referrals in good faith. *Id.* Here, the WCJ determined that Employer met its burden of proof under *Kachinski* by offering Claimant a light duty position within Claimant's physical capabilities. In doing so, the WCJ ignored the first step of Employer's burden under *Kachinski*, i.e., to prove a change in Claimant's work-related disability. Employer cannot prove that there has been a *change* in Claimant's condition before it has identified the nature of that condition or has recognized that Claimant suffered a work injury in the first place. Thus, as a matter of law, Employer here could not have met its burden of proof under *Kachinski* prior to October 11, 1993, when Employer finally issued its Notice of Compensation Payable. Given that Employer had not met even step one of its burden under *Kachinski*, the WCJ and WCAB erred in shifting the burden to Claimant to demonstrate that she pursued a September 8, 1993 job referral in good faith. Claimant had no such obligation until October 11, 1993.

event later than 21 days from the date employer knew of injuries.

34 Pa.Code § 121.13 provides:

If compensation is controverted, Notice of Workmen's Compensation Denial, Form LIBC–496, shall be sent to employe or dependent fully stating the grounds upon which the right to compensation is controverted, with a copy to the Department of Labor and Industry, no later than 21 days after notice or knowledge to the employer of employe's disability or death.

Unfortunately for Employer, the record contains no evidence indicating that any light duty jobs were available to Claimant on or after October 11, 1993. Indeed, the letter Employer sent to Claimant confirming the September 8, 1993 job offer specifically indicated that the position would be held open only for a period of seven days. (R.R. at 94a.)

 Employer contends that its untimely Notice of Compensation Payable did not harm Claimant because she ultimately received compensation for all time periods during which she was disabled.[4] Employer points out that even though Claimant's benefits were suspended as of September 8, 1993, she will not be required to return any of the payments she received after that date. *See Moats v. Workmen's Compensation Appeal Board (Emerald Mines Corporation)*, 138 Pa.Cmwlth. 449, 588 A.2d 116 (1991). Thus, argues Employer, the September 8, 1993 date of suspension is insignificant except to the extent that it benefits Employer should Employer request reimbursement from the Supersedeas Fund. We disagree that the date of suspension is insignificant. Given our holding that Claimant had no obligation to pursue job referrals prior to October 11, 1993, Claimant continues to be entitled to benefits until such time as Employer can prove that suitable light duty work is available to Claimant after that date. Moreover, this court has previously recognized that an employer may not profit from its own delinquency in failing to accept or deny responsibility for the claimant's injuries in a timely fashion, particularly when Employer was under a statutory obligation to do so. *See Mosgo v. Workmen's Compensation Appeal Board (Tri–Area Beverage, Inc.)*, 84 Pa.Cmwlth. 316, 480 A.2d 1285 (1984).[5]

For the foregoing reasons, the order of the WCAB affirming the WCJ's decision to suspend benefits as of September 8, 1993 is hereby reversed and Claimant's benefits are reinstated as of that date.

*O R D E R*

AND NOW, this 12th day of May, 1999, the order of the WCAB dated October 1, 1998 is reversed Claimant's benefits are reinstated as of September 8, 1993. The case is remanded to the WCAB to remand to the WCJ for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge LEADBETTER dissents.

---

4. Claimant was compensated for the time period between June 2, 1993 and June 20, 1993 and from August 12, 1993, continuing the entire time the case was pending before the WCJ.

5. In reaching this conclusion, we honor the respected principle that the Act is to be liberally construed in the injured employee's favor and in furtherance of its humanitarian objectives. *See Sporio v. Workmen's Compensation Appeal Board (Songer Constr.)*, 553 Pa. 44, 717 A.2d 525 (1998).