**Bernestine HILL, Petitioner**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (BALLARD, SPAHR, ANDREWS & INGERSOLL and Great Northern Insurance Co.), Re-spondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 24, 2003.

Decided May 13, 2003.

Christina J. Barbieri, Philadelphia, for petitioner.

Andrew E. Greenberg, Norristown, for respondent.

BEFORE: McGINLEY, Judge and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY SENIOR JUDGE KELLEY.

Bernestine Hill (Claimant) petitioned this Court for review of an order of the Workers' Compensation Appeal Board (Board) that concluded that Claimant's total disability changed to partial disability on the basis that suitable alternative work was made available to Claimant, which work Claimant refused. In our prior disposition of this case in *Hill v. Workers' Compensation Appeal Board (Ballard, Spahr, Andrews & Ingersoll)*, 745 A.2d 56 (Pa.Cmwlth.1999)[1] (*Hill I*), we reversed the Board's order to the extent that it modified Claimant's disability status and benefits, and affirmed that order to the extent that it affirmed the Worker's Compensation Judge's (WCJ) granting of Claimant's claim petition. Ballard, Spahr,

Andrews & Ingersoll (Employer) appealed our opinion in *Hill I* to the Supreme Court, which vacated *Hill I* and remanded the matter back to this Court with instructions for reconsideration in light of opinions on this issue filed after our consideration of *Hill I*, namely *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 742 A.2d 649 (1999), and *Montgomery Hospital v. Workers' Compensation Appeal Board (Armstrong)*, 793 A.2d 182 (Pa.Cmwlth.2002). On remand, we affirm in part, and reverse in part.

On January 9, 1995, Claimant filed a claim petition (Petition) for workers' compensation benefits pursuant to the Pennsylvania Workers' Compensation Act (Act).[2] Claimant alleged that she sustained daily aggravation of cardiac disease, angina pectoris, and mitral valve collapse in the course and scope of her employment as a document specialist over a continuing period ending on her last day of work on March 14, 1994. Employer timely answered the Petition denying all material allegations. After hearings and the receipt of testimony and exhibits into evidence, the WCJ issued a decision and order granting the claim petition. The WCJ granted Claimant's claim petition and awarded full disability benefits to Claimant from the date of injury, March 14, 1994, until September 20, 1994, the date that Employer offered Claimant alternative employment. The WCJ found that Claimant's disability changed from total to partial as of September 20, 1994, and modified Claimant's benefits accordingly. Both Employer and Claimant appealed the WCJ's order to the Board, and the Board affirmed and remanded the case back to the WCJ for proceedings to determine wage information in relation to Employer's

---

1. *Vacated and remanded*, 569 Pa. 491, 805 A.2d 509 (2002).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

offer of alternative employment. Claimant then petitioned this Court for review of the Board's order.

■ In the prior proceedings before this Court, neither party disputed the WCJ's finding that Claimant satisfied her burden [3] in regards to the initial establishment of Claimant's disability. However, the WCJ also found that Claimant's burden to establish the duration of her disability was not met beyond September 20, 1994. The significance of the September 20, 1994 date is that it represents the date that Employer sent Claimant a letter offering Claimant a position as a legal secretary and/or receptionist. The WCJ held Claimant to a duty to pursue in good faith the September 20, 1994 job offer before Claimant's injury had been recognized as compensable. The WCJ then determined that Claimant's ability to perform that alternative position, and Claimant's refusal to accept that offered alternative position, supported the conclusion that Claimant's

disability had decreased as of the date of offer of the alternative position.

In *Hill I*, we held, *inter alia*, that the issue was controlled by our precedent in *Smith v. Workers' Compensation Appeal Board (Saunder's House)*, 732 A.2d 18 (Pa. Cmwlth.1999).[4] We further elaborated, in *Hill I*, that a claimant had no duty to pursue any job offer or referral by an employer until such time as the initial injury is recognized as compensable, either by employer or by WCJ adjudication. As such, we found in *Hill I* that the evidence that Claimant had not pursued a job offer before she had a duty to do so, i.e. before her injury had been recognized, was irrelevant. Accordingly, we reversed the Board's order to the extent that it modified Claimant's disability status and benefits, and affirmed that order to the extent that it affirmed the WCJ's granting of Claimant's Petition.

Employer petitioned the Supreme Court for allowance of an appeal of our decision and order in *Hill I*, which was granted.

---

3. In a claim petition contest, the claimant has the burden of establishing all of the necessary elements to support an award, and included therein is the burden to establish the duration and extent of the disability alleged. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Employer on remand argues that a change in decisional law during the pendency of this appeal, governing a claimant's burden to establish a mental/physical injury, requires further remand of this case to the WCJ for proceedings on that issue. *See Davis v. Worker's Compensation Appeal Board (Borough of Swarthmore)*, 561 Pa. 462, 751 A.2d 168 (2000) (refining the burden of proof for mental/physical injuries under the Act). Although Employer correctly states that changes in decisional law will generally be applied to cases pending on appeal, citing *McCloskey v. Workmen's Compensation Appeal Board (J.H. France Refractories, Inc.)*, 501 Pa. 93, 460 A.2d 237 (1983), we note that *McCloskey* in inapplicable to the instant matter in that the issue of Claimant's satisfaction of her initial

burden is not before this Court. *McCloskey* addresses pending unresolved appeals, and the retroactive application of decisional law changes that apply to issues remaining open therein. As Employer in this case has not preserved the issue of Claimant's satisfaction of her initial burden to this Court, we will not now address it. *Associated Town 'N' Country Builders, Inc. v. Workmen's Compensation Appeal Board (Marabito)*, 95 Pa.Cmwlth.461, 505 A.2d 1358 (1986) (issues not raised in petition for review to Commonwealth Court are waived, and will not be addressed).

4. *Petition for allowance of appeal denied*, 561 Pa. 682, 749 A.2d 474 (2000). *Smith* has since been effectively overruled by the Supreme Court's opinion in *Vista International*. *See also* this Court's recognition of that overruling in *Thomas v. Workers' Compensation Appeal Board (Health Care Business Resources)*, 809 A.2d 1068 (Pa.Cmwlth.2002), and in *Montgomery Hospital v. Workers' Compensation Appeal Board (Armstrong)*, 793 A.2d 182 (Pa.Cmwlth.2002).

The Supreme Court, upon considering the parties' respective arguments and the intervening changes in caselaw on this issue, vacated our order in *Hill I* and remanded the matter back to this Court for reconsideration. *Hill v. Workers' Compensation Appeal Board (Ballard, Spahr, Andrews & Ingersoll)*, 569 Pa. 491, 805 A.2d 509 (2002).

 This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth.382, 539 A.2d 11 (1988).

Of particular importance in our reconsideration of this case is this Court's opinion in *Montgomery Hospital.* In that precedent, as in the instant matter, an employer offered evidence of available work alleged to be within the claimant's medical restrictions, which evidence was offered in proceedings on the claimant's claim petition. We then examined, *inter alia*, whether the WCJ was required to consider the employer's offer of that available position in determining whether the claimant's disability was ongoing and/or total in nature. In *Montgomery Hospital*

we recognized that the Supreme Court's opinion in *Vista International*[5] had effectively overruled our holding in *Smith.* In *Montgomery Hospital*, we cited to the following reasoning from *Vista International*:

> While this is a proceeding on a claim petition, as opposed to one on a petition to suspend, terminate or modify, as previously noted, the initial burden of proof associated with job availability is generally allocated to the employer in any context once a loss of earnings capacity attributable to a work-related injury is demonstrated by the claimant ... Because, unfortunately, some claims review proceedings are protracted, the status of both disability and earnings may change for a variety of reasons prior to the rendering of a decision. Workers' compensation judges are vested with the authority to render adjudications on claim petitions which incorporate aspects of modification, suspension or termination where the evidence so indicates, without the necessity of formal petitions by the employer ... Thus, in assessing the relevant burdens in a claim petition, workers' compensation judges must apprehend the stage to which the proceedings have advanced. Of particular relevance here, where the claimant has established that a work-related injury is the cause of a loss in earnings capacity (or remains so) during the time period in issue, the employer will generally be charged with the initial burden of establishing job availability

---

**5.** Although factually distinguishable from the instant matter, *Vista International* forms the basis for the overruling of the rule articulated in *Smith* that a claimant is under no duty to pursue a job referral until such time as an employer or WCJ adjudication recognizes the claimant's work-related injury. In *Vista International*, the Supreme Court held that

where a claimant establishes a work-related injury and concomitant loss of earnings, that claimant is generally entitled to benefits unless the employer can demonstrate that employment is available within the claimant's restrictions. *Vista International*, 560 Pa. at 27–30, 742 A.2d at 657–659.

for that time period. *Vista [International]*, 560 Pa. at 29, 742 A.2d at 658.

*Montgomery Hospital*, 793 A.2d at 188. In addressing *Hill I* and *Smith*, and in concluding that an employer can offer evidence of an available position within a claimant's restrictions within the context of a claim petition proceeding, we stated:

> We too are of the opinion that *Vista [International]* effectively overrules this Court's previous decisions in *[Hill I]* and *Smith*. In practical terms, under the rationale of *[Hill I]* and *Smith*, we can imagine no scenario where an employer could ever satisfy its burden to warrant a modification/suspension/termination of a claimant's benefits during the course of a protracted claim proceeding. Although an employer could present evidence that it offered a claimant an available job position within his or her medical restrictions, the modification/suspension/termination would never be granted since, under *[Hill I]* and *Smith*, a claimant has no obligation to follow through on job referrals until his or her injury has been recognized as compensable. The ramifications of these holdings are impractical, as there is no motivation for a medically-cleared claimant to accept job referrals until such time as litigation is concluded.

In light of the clarification of the state of the law in this area, we conclude that the WCJ erred by not addressing the issue of job availability.

*Montgomery Hospital*, 793 A.2d at 189–190.[6]

In turning to the instant matter, we first address Claimant's argument that the evidence supporting the WCJ's modification of Claimant's benefits is insufficient.[7]

To support a modification of compensation benefits, the evidence must show that a claimant's "disability has .ended or has been reduced 'and that work is available to the claimant and the claimant is capable of doing such work." *Celio v. Workmen's Compensation Appeal Board (Canonsburg General Hospital)*, 109 Pa. Cmwlth.442, 531 A.2d 552, 553 (1987), *petitions for allowance of appeal denied*, 518 Pa. 628, 541 A.2d 1139 (1988). In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987), our Supreme Court set forth the following procedure for the return to work of injured employees:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clear-

---

6. *See also, generally, Darrall v. Workers' Compensation Appeal Board (H.J. Heinz Co.)*, 792 A.2d 706 (Pa.Cmwlth.2002); *Martin v. Workers' Compensation Appeal Board (Red Rose Transit Authority)*, 783 A.2d 384 (Pa.Cmwlth. 2001), *petition for allowance of appeal denied*, 568 Pa. 710, 796 A.2d 988 (2002).

7. Claimant argues on remand that our disposition of this issue in *Hill I* remains valid and controlling, in that the Supreme Court on remand did not address that issue and therefore implicitly did not vacate that portion of

*Hill I*. We disagree. We clearly stated in *Hill I* that our review of the WCJ's modification of Claimant's benefits would not encompass the evidence of record showing job availability. *Hill I*, 745 A.2d at 60. Under *Vista International; Montgomery Hospital*, and the Supreme Court's remand order in *Hill I*, such exclusion of job availability evidence is no longer the correct standard, and therefore our disposition of this issue in *Hill I* is no longer valid.

ance, e.g., light work, sedentary work, etc.

3.) The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4.) If the referral fails to result in a job then claimant's benefits should continue.

■ Herein, Employer's medical experts, Drs. Goldstein and Michals, both testified that Claimant's condition was not disabling at any time, and that any condition from which Claimant suffered was not caused by her work for Employer. Reproduced Record (R.R.) at 339a–356a, 418a–420a; 473a–488a. Dr. Michals further testified that Claimant was not disabled in September of 1994 when Employer allegedly offered Claimant the alternative positions, or any time thereafter. R.R. at 473a–488a. The WCJ expressly accepted the testimony of Dr. Goldstein regarding Claimant's ability to perform the allegedly offered positions of receptionist/legal secretary. WCJ Opinion at 12, Finding of Fact 13. The WCJ also accepted as credible Dr. Michals' opinion regarding Claimant's ability to perform the alternative position. *Id.*, Finding of Fact 18. That testimony of record constitutes substantial evidence satisfying *Kachinski's* first prong of showing a change in medical condition.

The second prong of *Kachinski* requires a showing that Employer offered Claimant a referral to a then open job which fits in the occupational category for which the Claimant has been given medical clearance. While a scintilla of evidence exists that arguably may establish that such a referral was made, the record is bereft of any evidence showing that the referred jobs were both open and available, or

showing that the jobs fit within Claimant's cleared medical category.

Before the WCJ, Employer offered no evidence of its own regarding the referral in question. The sum and total of evidence on the record referencing the offered position comes from Claimant herself,[8] and that testimony is insufficient on a number of points to satisfy Employer's burden under the second prong of *Kachinski*.

*Kachinski* itself requires a showing of "vocational evidence classifying the [offered] job, e.g. whether it is light work, sedentary work, etc., along with a basic description of the job in question." *Kachinski*, 516 Pa. at 251, 532 A.2d at 379. *Accord School District of Philadelphia v. Workmen's Compensation Appeal Board (Stutts)*, 145 Pa.Cmwlth.413, 603 A.2d 682 (1992). The record in the instant case contains no evidence of the offered jobs' vocational classifications, nor any evidence of any description of the jobs in question.

Further, in interpreting *Kachinski's* requirements we have held that a referral is open and available to a claimant only if medical clearance for the occupational category is provided to the claimant before the job referral is made. *Zeigler v. Workers' Compensation Appeal Board (Jones Apparel Group, Inc.)*, 728 A.2d 421 (Pa. Cmwlth.1999). The record in the instant case contains no evidence that such medical clearance was provided to Claimant.

Additionally, we have held that an employer letter to a claimant that merely generally stated that an alternative position was available that would accommodate the physical limitations of a claimant, with no descriptive information about the available job or its duties, is insufficient. *Hockenberry v. Workmen's Compensation Appeal Board (Pennsylvania State Po-*

8. *See* R.R. at 29a–30a, 35a–36a.

*lice),* 672 A.2d 393 (Pa.Cmwlth.1996). We emphasize that not only is the record in the instant case bereft of any such descriptive information, but the actual purported letter offering the alternative positions to Claimant is not itself in the record.

Our thorough review of the record in this case reveals that the only other references regarding the referred jobs are those made by Employer's medical experts as to Claimant's general ability to perform them. R.R. at 99a, 204a, 479a. Conspicuously absent from the record is any correspondence from Employer to Claimant offering the alleged positions, any express assertion that they were so offered, any reference as to the actual availability and/or openness thereof, and any reference as to the duties of those positions and those duties' suitability to Claimant's abilities.

The mere mentions of the referred positions by Claimant, and by Employer's medical experts, are clearly insufficient as a matter of law as a basis for the WCJ's modification of Claimant's benefits. While *Vista International* and *Montgomery Hospital* do mandate our consideration of job availability as a basis for modification in an employer's defense of a claim petition, the facts of record of this case do not support any finding or conclusion that *Kachinski's* job availability requirements have been met.[9] The Board, therefore, erred in affirming the WCJ's modification of Claimant's benefits.

Accordingly, the portion of the order of the Board affirming the WCJ's grant of full disability benefits to Claimant is affirmed. The portions of the order of the Board affirming the WCJ's modification of Claimant's disability and benefits, and re-manding this case to the WCJ, are reversed.

### ORDER

AND NOW, this 13th day of May, 2003, the order of the Workers' Compensation Appeal Board, dated February 16, 1999 at Docket No. A97–4052, is affirmed in part and reversed in part. The portion of the order of the Board affirming the WCJ's grant of full disability benefits to Claimant is affirmed. The portions of the order of the Board affirming the WCJ's modification of Claimant's disability and benefits, and remanding this case to the WCJ, are reversed.

Judge McGINLEY dissents.

---

**9.** Because no evidence of record exists establishing that Employer offered Claimant an open, available position within Claimant's medical restrictions, we need not address Claimant's duty to pursue an offer in good faith.