**BRANDYWINE MAZDA SUZUKI AND INSERVCO, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ASMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 21, 2005.

Decided April 13, 2005.

John J. Daly, Philadelphia, for petitioners.

Jeffrey V. Matteo, Norristown, for respondent.

BEFORE: COLINS, President Judge, and LEADBETTER, J., and SIMPSON, J.

OPINION BY Judge LEADBETTER.

Brandywine Mazda Suzuki and Inservco petition for review of the order of the Workers' Compensation Appeal Board (Board), which reversed the suspension of benefits paid to Richard Asman. Brandywine Mazda contends that the Board erred in requiring proof of job availability where the Workers' Compensation Judge (WCJ)

found that Asman, who had recovered sufficiently to return to work, had been fired for reasons unrelated to his work injury.

On July 13, 2001, approximately three weeks after starting work as a parts manager, Asman slipped and fell in the bathroom at work, landing on his right buttock and falling back onto his shoulders. Two weeks later, Asman filed a claim petition. Brandywine Mazda disputed that Asman had fallen as reported and that he sustained any injuries while at work. Based on Asman's testimony describing the fall and his doctor's opinion that the fall caused contusions to the low back and both shoulders and a sprain of the right wrist, the WCJ found that Asman fell as reported and was injured. The WCJ also found that Asman suffered from problems with his left arm and shoulder arising from a prior non-work-related incident, for which he took prescription pain medication on a regular basis. Based on the opinion of Dr. Mandel, an orthopedic surgeon who testified on behalf of Brandywine Mazda, the WCJ further found that by November 19, 2001, Asman's injuries had resolved to only a mild right ulnar neuropathy and that he had sufficiently recovered from the effects of the fall to permit return to work without restrictions. However, since the WCJ found that Asman was fired on July 24, 2001, for inadequacies in his job performance that occurred prior to the work injury, the WCJ concluded that any loss of earnings Asman suffered after November 19 was not due to the work injury. The WCJ awarded temporary total disability benefits from July 13 through November 19, 2001 and directed a suspension of benefits thereafter.

Asman appealed to the Board, challenging the sufficiency of evidence to support the WCJ's findings regarding the nature and duration of his injuries. The Board concluded that substantial evidence supported the WCJ's findings but that the WCJ erred in suspending benefits without proof of job availability. The Board opined that, in addition to the medical testimony establishing Asman's ability to return to work, Brandywine Mazda also had to show that:

a job was available, or would have been available but for circumstances which merit allocation of the consequences of the discharge to the claimant, such as claimant's lack of good faith. *Landmark Constructors, [Inc. v. Workers' Comp. Appeal Bd. (Costello),* 560 Pa. 618, 747 A.2d 850 (2000)]; *Vista [Int'l Hotel v. Workmen's Comp. Appeal Bd. (Daniels),* 560 Pa. 12, 742 A.2d 649 (1999)].* Here, Mr. Morzenti [general manager] testified he terminated Claimant for substandard job performance. However, according to the testimony of Mr. Morzenti, Mr. Curtis [service and parts manager], Mr. Clifton [parts department employee], and Mr. Natale [parts department employee], this substandard job performance occurred prior to Claimant's work injury and prior to Claimant's receipt of benefits. As such, Claimant's loss of earnings is deemed to have resulted from disability due to the work injury and Defendant still had the burden to show available work. *[United Parcel Service v. Workmen's Comp. Appeal Bd.] (Portanova),* [140 Pa.Cmwlth. 626, 594 A.2d 829 (Pa.Cmwlth.1991)].* Because Defendant offered no evidence that other work was available to Claimant, the Judge erred in granting Defendant a suspension.

*Asman v. Brandywine Mazda Suzuki,* (A03–0304, filed August 9, 2004) op. at 10. The Board affirmed the grant of the claim petition and reversed the suspension of benefits. Thereafter, Brandywine Mazda filed the present appeal.

On appeal, Brandywine Mazda contends that after November 19, 2001, when the credited medical testimony established that Asman's injury had resolved to the point where it no longer precluded him from working, Asman's loss of earnings solely resulted from his discharge from employment and not from the work injury. This presents the question as to whether Asman's discharge from employment for poor job performance obviates the need to show job availability.

The well-established general rule imposes upon an employer seeking modification or suspension of benefits[1] the burden to prove the existence of an available job or, where applicable under Act 57, proof of earning capacity.[2] This requirement is the logical result of the equally well-established doctrine that "disability" under workers' compensation law is the loss of earning power attributable to the work-related injury and not the physical impairment arising therefrom. As our Supreme Court stated, in *Landmark Constructors, Inc. v. Workers' Comp. Appeal Bd. (Costello)*, 560 Pa. 618, 747 A.2d 850 (2000), "by requiring an employer to demonstrate that a job has been made available to the employee, this Court has fashioned a workable procedure by which employers can show that the 'disability of an injured employee has ... decreased.' 77 P.S. § 772." [3] *Id.* at 625, 747 A.2d at 854. Hence, the suspension of benefits is justified only where claimant has returned to work earning his pre-injury wages, or employer has submitted proof in the form of an actual job offer, evidence of suitable available jobs or expert testimony as to earning capacity, establishing that the work injury no longer effects claimant's earning power. *Martin v. Workers' Comp. Appeal Bd. (Red Rose Transit Auth.)*, 783 A.2d 384, 391 (Pa. Cmwlth.2001) [(citing *Vista Int'l Hotel v. Workmen's Comp. Appeal Bd. (Daniels)*, 560 Pa. 12, 742 A.2d 649 (1999))].

In determining the application of this standard of proof in cases where the claimant has been fired, our court recognized in *United Parcel Service v. Workmen's Comp. Appeal Bd. (Portanova)*, 140 Pa. Cmwlth.626, 594 A.2d 829 (1991), that too much potential for abuse existed if the discharge of a work-injured employee for conduct committed before the injury obviated an employer's burden of proving job availability as called for under *Kachinski v. Workmen's Comp. Appeal Bd. (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Amendments to Section 306(b) of the Act altered the standard to proof of earning power. *See* 77 P.S. § 512. *See also* 34 Pa.Code § 123.301.

---

1. The present action originated as a claim petition. However, in *Hill v. Workers' Comp. Appeal Bd. (Ballard, Spahr) (Hill II)*, 824 A.2d 358 (Pa.Cmwlth.2003), our court recognized that *Vista International Hotel v. Workmen's Comp. Appeal Bd. (Daniels)*, 560 Pa. 12, 742 A.2d 649 (1999) and *Montgomery Hospital v. Workers' Comp. Appeal Bd. (Armstrong)*, 793 A.2d 182 (Pa.Cmwlth.2002) "mandate our consideration of job availability as a basis for modification in an employer's defense of a claim petition." *Hill*, 824 A.2d at 364. *See also Vista*, 560 Pa. at 29 n. 11, 742 A.2d at 658 n. 11 and *Martin v. Workers' Comp. Appeal Bd. (Red Rose Transit Auth.)*, 783 A.2d 384, 391 (Pa.Cmwlth.2001).

2. Prior to the 1996 enactment of amendments (commonly referred to as Act 57) to the Workers Compensation Act, Act of June 2, 1915, P.L. 736, an employer seeking a modification

3. Section 413 of the Workers Compensation Act, *as amended*, 77 P.S. § 772 provides, in relevant part, as follows:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable ... upon petition filed by either party with the department, upon proof that the disability of the injured employe has increased, decreased, recurred or has temporarily or finally ceased ....

availability. Consequently, the court ruled that:

> [w]here, as here, a claimant is discharged because of misconduct which occurred, not only prior to the injury, but also prior to the payment of benefits and the creation of a light duty position, a claimant's loss of earnings shall be deemed to have resulted from a disability due to injury. In such matters, "the employer [has] its usual burden to show the availability of work . . . .

Id. at 832. Our court applied this distinction between pre and post-injury misconduct resulting in discharge in the case of *Somerset Welding and Steel v. Workmen's Comp. Appeal Bd. (Lee)*, 168 Pa. Cmwlth.78, 650 A.2d 114 (1994). In *Somerset Welding*, the claimant, who had a history of work-place misconduct, sustained an injury on March 26 and, for that pre-injury misconduct as well as one incident of misconduct following the injury, employer fired him on March 28. Our court ruled as follows:

> Here, the referee found that Claimant's injury occurred prior to the termination of his employment. Therefore, Claimant's loss of earnings resulted from a disability due to an injury, which consequently entitled him to benefits as of March 27, 1991. However, on March 28, 1991, Employer justifiably terminated Claimant's employment because of Claimant's history of misconduct, *with the last event occurring after the injury* [when claimant failed to properly report his absence]. Thus, Claimant's loss of earnings beginning March 28, 1991, resulted from his discharge and his compensation for loss of earnings should have been suspended on that date. Moreover, that suspension should have continued for the period of his disability.

Id. at 119 (emphasis added). Accordingly, the court determined that employer incurred no liability for lost earnings after March 28, the date of post-injury misconduct.

 Thus, when a claimant has proven a disabling work injury, *i.e.*, a loss of earnings caused by a work injury, then pre-injury grounds for firing the claimant cannot act as a superseding cause of a claimant's loss of earnings and relieve employer of having to show job availability in order to obtain a suspension of benefits. Inasmuch as Brandywine Mazda fired Asman for poor job performance which occurred prior to the injury, the Board properly concluded that benefits could not be suspended absent proof of available work.

 In his brief, Asman argues that we should impose counsel fees and costs pursuant to Pa. R.A.P. 2744, which authorizes such an award upon our determination that the appeal was "frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate and vexatious." Asman contends that we should impose costs and fees not only because the appeal was frivolous but also because Brandywine Mazda failed to file a designation of the contents of the reproduced record. The appeal in the present case was not so obviously devoid of merit as to be frivolous and the failure to designate the contents of the reproduced record does not justify the imposition of costs and fees.

Accordingly, we affirm the order of the Board and deny the request for fees and costs.

### ORDER

AND NOW, this 13th day of April, 2005, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby AFFIRMED. Respondent,

Richard Asman's request for the imposition of counsel fees and costs is DENIED.