**Milton THOMAS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HEALTH CARE BUSINESS RESOURCES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 20, 2002.

Decided Oct. 30, 2002.

Kathy Kennedy, Philadelphia, for petitioner.

Eric S. Scher, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Milton Thomas, Jr., (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the grant of a claim petition by a Workers' Compensation Judge (WCJ) but reversed the decision of the WCJ by suspending benefits based on Claimant's ability to perform a light-duty job. For the reasons that follow we vacate and remand in part.

On December 8, 1999, Claimant filed a claim petition alleging he suffered back, knee and ankle injuries when he fell to the ground while installing cable lines in a ceiling for Health Care Business Resources (Employer). On December 10, 1999, Employer filed a temporary notice of compensation payable and requested that Claimant return to modified work on December 13, 1999. On December 13, 1999, Employer filed a notice stopping temporary compensation and a notice of compensation denial.

Following hearing and deposition testimony, the WCJ found that Claimant sustained his burden of proving an entitlement under the Workers' Compensation

Act (Act).[1] The WCJ held, in pertinent part, as follows:

> Because Employer did not accept Claimant's work injury as compensable, Claimant was under no obligation to respond to the offer of sedentary duty employment made by Employer on December 13, 1999. *Smith v. WCAB* (Saunder's House), 732 A.2d 18 (Pa. Commw.1999). Should the standards of *Kachinski* apply, however, Employer's conduct in filing a Notice of Compensation Denial on the same date as the job offer constitutes bad faith.

(Appellant's brief Appendix A, WCJ Conclusion of Law No. 4). On April 11, 2001, the WCJ granted Claimant's claim petition from the period beginning November 24, 1999. Benefits were not suspended even though the WCJ found that a job was available and within the Claimant's physical capabilities as of December 13, 1999.

Employer then appealed to the Board, alleging that the WCJ erred by relying on *Smith v. Workers' Compensation Appeal Board (Saunder's House)*, 732 A.2d 18 (Pa. Cmwlth.1999), *petition for allowance of appeal denied*, 561 Pa. 682, 749 A.2d 474 (2000), when deciding that Claimant had no obligation to accept an offer of suitable employment. Employer argued that *Smith* had been effectively overruled by the Pennsylvania Supreme Court in *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 742 A.2d 649 (1999). The Board agreed with Employer. As the WCJ had determined that Employer had offered Claimant a job that met Claimant's medical restrictions and that Claimant failed to respond to the job offer, the Board found that the WCJ erred by not suspending Claimant's benefits as of December 13, 1999. Thus, the Board reversed the order of the WCJ as it pertained to payment to Claimant of disability benefits after December 13, 1999.

Claimant now appeals to this Court, alleging the Board erred in determining that Claimant's disability benefits should be suspended after December 13, 1999. Claimant alleges that he relied on existing case law and, as such, had no obligation to pursue Employer's job offer when it was made. Claimant also alleges that the WCJ not only relied on *Smith*, but also found that Employer had exercised bad faith under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), and *Kachinski* has not been overruled.

Claimant is correct that at the time his claim petition was being litigated and at the time of the order by the WCJ, the state of the law in the area at issue was unclear. In *Smith*, this Court had ruled that a claimant had no obligation to pursue a job referral when an employer was disputing liability. However, in *Vista* the Pennsylvania Supreme Court appeared to state in a footnote that the WCJ had the authority to consider job availability even in disputed liability cases. *Vista*, 742 A.2d at 658. However, it was not until *Montgomery Hospital v. Workers' Compensation Appeal Board (Armstrong)*, 793 A.2d 182 (Pa.Cmwlth.2002), that this Court specifically stated that *Smith* had been overruled by *Vista*.

In *Montgomery Hospital*, after clarifying the state of the law, the Court determined that the case needed to be remanded to the WCJ to address the issue of job availability. We specifically stated:

> We note that much confusion existed as to the state of law at the time of the proceedings before the WCJ. As a result, we believe that it is necessary for

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4; 2501–2606.

the WCJ, when determining whether Claimant acted in bad faith, to take into consideration the uncertainty of the law at the time the job offer was made. *Montgomery Hospital,* 793 A.2d at 190.

■ The Board, in the case at issue, concluded that it could reverse the WCJ since the WCJ had found that a job was available that complied with Claimant's medical restrictions and Claimant failed to respond to it. However, under the requirements of *Kachinski,* once an employer has proven that a medically appropriate job is available, the WCJ is still to determine whether the employer is making a "good faith attempt to return the injured employee to productive employment, rather than a mere attempt to avoid paying compensation." *Kachinski,* 532 A.2d at 380. Plus, once an employer has met its burden of proof, the burden then shifts to the claimant to establish that he exercised good faith in his response to the job offer. *Darrall v. Workers' Compensation Appeal Board (H.J. Heinz Company),* 792 A.2d 706 (Pa.Cmwlth.2002). Therefore, if the WCJ determines that an employer has met its burden, an additional factual determination must be made by the WCJ as to whether the claimant has acted in good faith.

In the instant case, the WCJ determined that Employer's conduct in filing a notice of compensation denial and a job offer simultaneously constituted bad faith. However, since the WCJ was following *Smith,* we cannot determine whether the WCJ would have made a different factual determination on the issue of bad faith following the rulings in *Vista* and *Montgomery Hospital.* Additionally, the WCJ did not make any factual determination as to the whether Claimant acted in good faith or in bad faith in his response to the job offer.

■ The scope of review of the Board from a determination by a WCJ is the same as the scope of review of this Court. *Montgomery Hospital,* 793 A.2d at 189. Therefore, while the Board and this Court may determine whether constitutional rights were violated, errors of law committed or necessary findings of fact are supported by substantial evidence, factual and credibility determinations must be left to the providence of the WCJ. *Id.* The Board, in reversing the determination of the WCJ, made presumptions regarding factual determinations that are not of record.

■ As it has now been clarified that an employer may offer an available job to a claimant, within his stated medical restrictions, while simultaneously disputing liability for a claimant's injury, we vacate and remand the order of the Board as it pertains to the issue of job availability, with the direction that it be further remanded to the WCJ. The WCJ is to make specific findings as to whether, under the facts of the case and in light of the rulings in *Vista* and *Montgomery Hospital,* Employer acted in bad faith in offering the job and if bad faith is not found, then whether Claimant acted in good faith in response to the job offer.

Accordingly, the order of the Board is vacated and remanded in part.

### ORDER

AND NOW, this 30th day of October, 2002, the order of the Workers' Compensation Appeal Board is vacated insofar as it reversed the Workers' Compensation Judge's (WCJ) opinion as to the payment of disability benefits after December 13, 1999. The matter is remanded to the Board with the direction that it be further remanded to the WCJ for findings consistent with this opinion.

Jurisdiction relinquished.